BATTY *v.* FOUT.

PLEADING.—*Complaint.*—*Demurrer.*—*Abstracter of Title.*—*Suit Against.*—In a suit against an abstracter of title, to recover damages of him for making an erroneous abstract of the title to and incumbrances upon a certain tract of real estate which the plaintiff desired to purchase, incorrectly setting out therein that such real estate was free from all incumbrance except as therein mentioned, when, in truth, there then existed other incumbrance thereon, which the plaintiff has since been compelled to pay off, the maker of such incumbrance being then and still insolvent, if the complaint does not allege the purchase of such realty by the plaintiff, it is bad on demurrer for want of sufficient facts.

SAME.—*Practice.*—A bad answer is sufficient for a bad complaint.

PRACTICE.—*Supreme Court.*—On appeal to the supreme court, the sufficiency of a complaint may be there questioned on an assignment as error of a ruling on a demurrer to an answer to such complaint.

From the Marion Superior Court.

*C. W. Smith, R. O. Hawkins* and *C. H. Remy,* for appellant.

NIBLACK, J.—The appellee sued the appellant in the court below. The complaint alleges that the appellee, being desirous of purchasing a certain lot or parcel of ground in the city of Indianapolis of one Henry Kock, and before completing the purchase, employed the appellant to examine the title to said lot, to the end that it might be known whether said Kock was the owner thereof, and what incumbrances or liens appeared of record against the same, agreeing to pay for such services the sum of five dollars, which was afterwards paid. That the appellant accepted said employment, and afterwards, to wit, on the 21st day of January, A. D. 1871, made and delivered to the appellee his report in writing, purporting to give the condition of said lot with reference to title and incumbrances from January 28th, A. D. 1863, to the time of making such report. That in his said report, or abstract of title, the appellant referred to a mortgage made by said Kock, on said lot, to the trustees of a certain benevolent society, on the 29th day of January, A. D.

1863, for the sum of one hundred dollars, as an incumbrance on said lot, and stated that he found no other incumbrances on the same.    That the appellee relied on said report of the appellant, who was then and for five years next prior thereto had been a clerk in the office of the recorder and deputy-recorder of Marion county.    That the statement of the appellant was not true, in that he failed and neglected in his report to set out and show that said Kock was then indebted to one Stewart, in the sum of four hundred dollars, which was a lien on said lot, by a mortgage executed by said Kock to said Stewart, and duly recorded in the mortgage record of the recorder's office of Marion county, and was on record when said report was made.    That the appellee has been compelled to pay said mortgage lien, and that said Kock and one Bacon, his surety on the note secured by said mortgage, were, when he, said appellee, was compelled to pay said mortgage lien, and still are, each, wholly insolvent.    There was a demand for judgment for five hundred dollars.

The appellant answered that at the time of his making the examination of the title of the lands and preparing the abstract, as alleged in the complaint, he was deputy-recorder of Marion county; that he was not engaged in making examinations and preparing abstracts of title of lands; that he did not profess to be able to make such examinations or prepare such abstracts, nor did he so hold himself out to the world; that the appellee applied to him to perform services for him in making a partial examination of the title to certain lands in Marion county and to prepare a partial abstract thereof, being the same lands and the same abstract mentioned and described in the complaint; that, upon such application, the appellant informed the appellee that he made no pretensions to skill in the business of preparing abstracts or making examinations as to titles, and advised him to engage some one regularly engaged in the business; that the appellee represented he only wanted a partial examination made, and was willing

to risk his, appellant's, skill in the matter, and that he was anxious the appellant should do it for him, and that he would pay him, appellant, for his trouble; that the appellant, to the best of his skill and ability, amid his duties as such deputy-recorder, made the examination requested, the appellee well knowing all the facts in the premises, and if any error or omission was made, it was unintentional and without fault on the part of the appellant.

The appellee demurred to the appellant's answer, and the demurrer was sustained, to which the appellant excepted.

The appellant refusing to answer over, damages were assessed against him in the sum of four hundred and fifteen dollars and fifty-two cents, and judgment rendered accordingly.

The defendant then appealed to the general term of the superior court of Marion county, and assigned for error,—

First. The sustaining of the demurrer to his answer;

Second. The rendition of the judgment against him.

The judgment was affirmed in general term, and the defendant has further appealed to this court.

The appellant, through the demurrer to his answer, attacks the complaint and urges in this court that it does not contain facts sufficient to constitute a cause of action against him.

He has the right to thus bring the question of the sufficiency of the complaint to our attention, and to have a decision upon it. If the complaint was bad, it was error to sustain a demurrer to the answer to it, however defective it may have been as an answer to a good complaint. *Tillotson* v. *Stipp*, 1 Blackf. 77; Perkins Prac. 236; *Shook* v. *The State, ex rel.*, etc., 6 Ind. 113; *Wiley* v. *Howard*, 15 Ind. 169; Buskirk Prac. 179.

This action, so far as we are enabled to judge from the averments in the complaint and the facts stated in the answer, was prosecuted on the theory that the appellee had to pay the mortgage from Kock to Stewart to protect

his title to the lot on which the mortgage was a lien. There is, however, no averment in the complaint that the appellee purchased that lot of Kock, as he alleged he was desirous of doing when he employed the appellant. There is nothing stated from which, we think, his purchase can be fairly inferred. True, the appellee says, in one place, that before completing his purchase he employed the appellant to examine the title, and, in another place, that he relied upon the abstract of title as made by the appellant; but in what way and to what extent he relied on it is not stated. We can not infer, unless it was so alleged, that the appellee relied on this abstract to the extent of becoming the purchaser of the lot.

We think it essential that the appellee should have alleged, in addition to the other averments in his complaint, that, relying upon the correctness of the appellant's abstract, he became the purchaser of the lot in question, before he can maintain his action for any mistake or omission in the abstract.

In our opinion, the complaint is clearly insufficient. In consequence, we hold that the court below erred in sustaining the demurrer to the appellant's answer to it, and for that reason the judgment must be reversed.

The judgment is reversed, and the cause remanded for further proceedings in accordance with this opinion.