No. 14,595.

THE INDIANAPOLIS WATER COMPANY *v.* NULTE.

COVENANT.—*Agreement to Maintain Levee.—Covenant not Running with Land.
—Right to Enter to Make Repairs.—Breach of Contract.*—In 1877 the water-
works company of Indianapolis was in possession as owner of that part
of the Central canal which is situated in Marion county, together with
certain dams, etc., one of which was at Broad Ripple. An abutting
owner near the dam at Broad Ripple, across whose land the water-
works company had built a levee, agreed with the company that if it
would continue the levee to a certain point he would extend it across
his land at his own expense, and maintain it, and release the company
from all damages from high water in the past and future. At a ju-
dicial sale the water-works property was sold to the Indianapolis Water
Company. The abutting owner having failed to keep his part of the
levee in repair, it broke, and the water escaping washed out a part of a
gravel road. The company paid damages to the gravel road company,
and made repairs, the land-owner having failed to do so.

*Held,* that the complaint, stating the facts as above, did not show a cause
of action as to the first element of damages, it not appearing from any
of the averments that there was any liability on the part of the water-
works company for injuries occasioned the gravel road company by
overflows and freshets.

*Held,* also, that the water company was not entitled to recover for repairs
made, since the land-owner's contract to repair did not create a cove-
nant running with the land, and, therefore, the purchasing company ac-
quired no rights under it.

*Held,* also, that the company had no right under the contract to enter
upon the land to make repairs, and could not recover for the repairs so
made in an action for a breach of the contract to maintain the levee.

From the Marion Superior Court.

*F. Winter, A. Baker* and *E. Daniels,* for appellant.
*G. T. Porter,* for appellee.

COFFEY, J.—The material facts in this cause, as they are
disclosed by the complaint, are, that on the 7th day of March,
1877, and for some years prior thereto, and until the 18th
day of April, 1881, the water-works Company, of Indian-
apolis, Indiana, a duly organized corporation, was the owner,
and in the posession of that part of the Central canal which is

situated in Marion county, together with certain dams, water-powers, leases, and contracts, pertaining to said canal and its use.   Of said dams one was at Broad Ripple, across White river, appurtenant to which were valuable water-powers and privileges, connected with which, on the east bank of the river, was a levee which protected the dam and the lands abutting on that side of the river from the over-flow of the water held back by the dam, and especially pro-tected the land from high water in the river.   On the 7th day of March, 1877, the appellee in this case, being the owner of a certain described tract of land abutting on the east bank of White river, near the dam at Broad Ripple, upon a part of which the water-works company had built and then owned a levee, submitted to said company the fol-lowing written proposition :

"*To the Water-Works Company of Indianapolis, Indiana:*

" I hereby propose and agree that if you will continue and raise the levee on the bank of White river from the point on the south where you did the work in 1876, to the fence run-ning across my land dividing the field in corn last year from the field now in wheat, I will extend the levee north from said land as far as it is necessary, across my land, at my expense, and that I will maintain and keep up the same, and relieve and release the said water-works company from all damages or liability for damages from high water in the past or the future.   The levee above referred to is on the east bank of White river, on my farm known as the ' Bacon farm,' in section 36, town. 17 north, of range 3 east, in Ma-rion county, Indiana ; and the water-works company can take earth from the land adjoining to make said levee."

The water-works company accepted the above proposition, and constructed the levee to the point indicated therein, whereupon the appellee extended the same as proposed.

Under a judicial decree rendered in the superior court of Marion county, all of the water-works property of the water-works company of Indianapolis, Indiana, was sold on

the 18th day of April, 1881, and purchased by Edward Hamilton, John M. Dennison and Delivan Woodruff. On the 23d day of April, 1881, said purchasers, under the provisions of an act of the General Assembly of the State, approved February 4th, 1881, organized the Indianapolis Water Company, the appellant here, as a corporation, which succeeded to all their rights in said property. By reason of the failure of the appellee to keep that part of the levee constructed by him in repair, the same was broken on the 10th day of February, 1883, and the water escaping through the break, in a strong current, ran over the land on the east side of White river, and over the road of " The Westfield Gravel Road Company," and washed out a part of its road.

The appellant paid to the Westfield Gravel Road Company, on account of the damage done to its road, the sum of $325. The appellee, failing to repair the broken levee after notice, the same was repaired by the appellant at a cost of $1,000. This action was brought by the appellant against the appellee to recover the damages paid by it to the Westfield Gravel Road Company, and to recover the amount paid to repair the levee.

To a complaint setting out the facts above stated, the Marion Superior Court, at special term, sustained a demurrer, which ruling was affirmed upon appeal to the general term.

The question for our consideration relates to the propriety of the ruling of the court in holding the complaint before us insufficient as a cause of action.

Under this complaint the appellant contends for two elements of damages:

*First.* For the money paid to the Westfield Gravel Road Company by way of damages; and,

*Second.* For money paid by the appellant for repairs to the levee constructed by the appellee.

It is contended by the appellee that as to the first element of damages no cause of action is shown by the complaint, because it does not appear that the water-works company

owed it as a duty to the gravel road company to maintain the levee through which the water escaped, and that if it did owe such duty the agreement on the part of the appellee to build and maintain such levee was without consideration.

Independent of the question as to whether we should take judicial notice of the fact that the Central canal, and the dam across White river, at Broad Ripple, were built by the State, as part of a system of internal improvement, we do not think the complaint states facts sufficient to authorize a recovery against the appellee for the damages paid to the gravel road company. The object sought to be attained by this contract seems to us to be plain, namely, the protection of the appellee's land against overflows from White river.

This object is made manifest by the proposition of the appellee to the water-works company to release it from all damages, past and future, in consideration of the construction by the latter of the levee to a given point. But whatever construction is to be given to the contract in suit, there are no facts stated in the complaint tending to show a liability on the part of the water-works company for injuries occasioned by overflows and freshets in White river. We are not at liberty to presume that the parties erecting the dam across White river, at Broad Ripple, did so in violation of law, in the absence of some showing to that effect, and that they did not take the necessary steps to have the damages assessed which might accrue to abutting land-owners by reason of its construction. Having reached the conclusion that the complaint does not otherwise state facts sufficient to authorize a recovery against the appellee for the damages paid to the Westfield Gravel Road Company, we need not inquire into the question of the consideration upon which the contract was executed.

As to the second element of damages, it is contended by the appellee that as the contract in suit was not made with the appellant, but was made with the water-works company, the appellant can not maintain an action for its breach. It is

urged by the appellee that the contract does not create a covenant running with the land, and as the levee was to be constructed by the appellee upon his own land, and was to be wholly maintained by himself, the appellant, by its purchase of the water-works property, did not acquire any rights in this contract. On the other hand, it is contended by the appellant that the contract in suit did create a covenant running with the land, and that those purchasing the water-works property succeeded to the rights of that company in this contract.

We are of the opinion that the contract before us does not create a covenant running with the land. A covenant which may run with the land must have relation to the interest or estate granted, and the act to be done must concern the interest created or conveyed. *Conduitt* v. *Ross*, 102 Ind. 166; *Wells* v. *Benton*, 108 Ind. 585.

In this case no estate was granted by the appellee to the water-works company. The levee in controversy was built by the appellee upon his own land, at his own expense, and was to be wholly maintained by him. Not even an easement was granted to the water-works company, and it had no right to enter upon the land upon which this levee was constructed for the purpose of repairing it. As no estate was granted to the water-works company by the contract before us, there was none to which it could attach. It created a mere personal obligation on the part of the appellee for a breach of which he was personally liable. It may be conceded that the appellant succeeded, under the judicial sale named in the complaint, to all the rights of the water-works company in the water-works property, but there are no averments of fact tending to show that it succeeded to any contract of a personal nature not attached to and forming a part of that property.

In the absence of some showing we can not presume that such judicial sale transferred to the purchasers the choses in action belonging to the water-works company.

Furthermore, under the contract before us, no right to enter the appellee's land is granted. The duty to construct the levee and maintain it was imposed upon the appellee.' In our opinion the appellant had no right to enter upon the land of the appellee and make the repairs for which it now seeks to recover. Its remedy, if it had any, was by action against the appellee for any damages sustained by reason of a breach of the contract. The complaint does not state facts sufficient to constitute a cause of action against the appellee.

Judgment affirmed.

