Filed March 17, 1892.

---

No. 447.

THE INDIANA LIVE STOCK INSURANCE COMPANY *v.* BOGEMAN.

INSURANCE.—*Policy on Animal. —Complaint.—Ownership at Time of Death.— Absence of Averment Concerning.*—In an action to recover on a policy of insurance for the death of a horse, a complaint was defective which failed to show that the plaintiff was the owner of the horse or had any interest in it at the time of its death.

PRACTICE.—*Insufficient Complaint. — Answer. — Demurrer.*—When the complaint is insufficient, it is error to sustain a demurrer to an answer filed thereto.

From the Shelby Circuit Court.

*T. B. Adams* and *I. Carter*, for appellant.

*K. M. Hord* and *E. K. Adams*, for appellee.

BLACK, J.—The appellant by its policy engaged to insure the appellee against loss by death of his certain stallion, to a specified amount, for the period of one year from the 16th of April, 1890.

The appellee's complaint upon this policy stated the death of the horse on the 15th of July, 1890. It showed that the appellee was the owner of the horse at the date of the contract of insurance, but it wholly failed to show that he owned it or had any interest in it at the time of its death. Therefore, the complaint lacked a material and necessary averment. *Aurora, etc., Ins. Co. v. Johnson,* 46 Ind. 315; *Home Ins. Co. v. Duke,* 75 Ind. 535; *Ætna*

*Ins. Co.* v. *Black,* 80 Ind. 513 ; *Ætna Ins. Co.* v. *Kittles,* 81 Ind. 96 ; *Phœnix Ins. Co.* v. *Benton,* 87 Ind. 132 ; *Phœnix Ins. Co.* v. *Rowe,* 117 Ind. 202 ; *Traders Ins. Co.* v. *Newman,* 120 Ind. 554.

The action of the court in sustaining a demurrer to the second paragraph of answer is assigned as error.   As the complaint was insufficient, we must sustain the appellant's contention that, for this reason, it was error to sustain the demurrer to the answer.   *Batty* v. *Fout,* 54 Ind. 482; *Corporation of Bluffton* v. *Mathews,* 92 Ind. 213.

The judgment is reversed, and the cause is remanded, with instructions to sustain to the complaint the demurrer to the second paragraph of answer.

Filed Feb. 4, 1892; petition for a rehearing overruled Feb. 20, 1892.