No. 1,736.

## DOTSON *v.* DOTSON.

APPELLATE COURT PRACTICE.—*Complaint, Sufficiency Of.—Infer-
ence.—First Questioned on Appeal.*—A complaint will be held suffi-
cient when questioned for the first time on appeal, although it
omits to aver an essential fact, if such fact can be inferred by
reasonable intendment from the other facts alleged, and in connec-
tion with such other facts, is sufficient to render the judgment a
complete bar to another suit for the same cause.

From the Elkhart Circuit Court.

*J. S. Dodge* and *O. Z. Hubbell*, for appellant.

*J. O. Hoover, O. T. Chamberlain* and *P. L. Turner*,
for appellee.

DAVIS, J.—The first assignment of error discussed by
counsel is that "the amended complaint does not state
facts sufficient to constitute a cause of action."

When the sufficiency of a complaint is called in ques-
tion for the first time in this court the defect in the com-
plaint will be deemed to be cured by the verdict, unless
it wholly omits the averment of some material facts
essential to the cause of action attempted to be stated.
In such case, if the omitted fact is such as can be in-
ferred by reasonable intendment from the other facts
alleged, and the other facts expressly stated in connec-
tion with the facts fairly inferable therefrom are to-
gether sufficient to render the judgment a complete bar
to another suit for the same cause of action, the com-
plaint will be held sufficient. *Lockhart* v. *Schlotter-
back*, 12 Ind. App. 683. Measured by this rule the
complaint under consideration is good after verdict so
far as any objection thereto has been suggested.

There was no reversible error in overruling the motion to strike out the supplemental complaint, nor in overruling the motion to compel appellant to paragraph the complaint.

Neither can we reverse the judgment on the ground that the damages assessed are excessive.

There was no available error in the admission of testimony in behalf of appellee over appellant's objection.

The instructions, when considered together as an entirety, were not unfavorable to appellant.

On a careful reading of the entire record in the light of the argument of counsel, we fail to find any error that would justify this court in reversing the judgment of the trial court.

Judgment affirmed.