### WESTERN ASSURANCE COMPANY OF TORONTO v. KOONTZ.

[No. 2,099.   Filed February 16, 1897.]

APPEAL AND ERROR.—*Sufficiency of Complaint First Assailed by Assignment of Errors.—Statute Construed.*—The sufficiency of the facts stated in a complaint may be raised for the first time by the assignment of errors in this court under section 346, Burns' R. S. 1894, where the averment of a substantive fact has been entirely omitted therefrom.  *pp. 55–57.*

SAME.—*Defective Complaint not Cured by Verdict and Judgment.*—Verdict and judgment thereon will not cure a defective complaint where the averment of a substantive fact has been entirely omitted therefrom.  *pp. 57, 58.*

INSURANCE.—*Complaint Must Contain Averment as to Ownership of Property.—Defect not Cured by Verdict and Judgment.*—The omission from a complaint, in action on a fire insurance policy, of an averment as to the ownership of the property, renders the complaint fatally defective and a verdict and judgment thereon will not cure it, there being no foundation for a valid judgment.  *p. 60.*

From the Madison Superior Court.   *Reversed.*

*Chambers, Pickens & Moores,* for appellant.

*W. A. Kittinger* and *E. D. Reardon,* for appellee.

HENLEY, J.—This was an action upon an insurance policy issued by appellant, under which policy appellant undertook to insure appellee against loss by fire.

The complaint was in one paragraph, and the sufficiency of the same was not questioned in the lower court by demurrer, primarily directed thereto.   To the complaint, appellant answered in five paragraphs. To the second and third paragraphs of answer the lower court sustained a demurrer.   The cause was put at issue and tried by a jury.   Upon the request of appellant the court ordered the jury to return a special verdict upon all the issues in the cause.   Appel-

lant's motion for judgment upon the special verdict was by the court overruled, and upon appellee's motion therefor, judgment was rendered in his favor. The alleged errors assigned and discussed by appellant's counsel are as follows:

First—That plaintiff's complaint does not state facts sufficient to constitute a cause of action.

Second—That the court erred in sustaining the demurrer of plaintiff to the second paragraph of defendant's answer.

Third—That the court erred in sustaining the demurrer of the plaintiff to the third paragraph of defendant's answer.

Fourth—That the court erred in submitting to the jury over the objection of defendant, certain interrogatories, numbered 11, 12, 13, 24, 36, 37, 41, 42, 43, 44, 45, 46, and 55, and in submitting each of them to the jury over the objections of the defendant.

Fifth—That the court erred in overruling defendant's motion for a judgment against the plaintiff upon the special verdict returned by the jury.

Sixth—That the court erred in overruling the motion of the defendant for a new trial.

Seventh—That the court erred in rendering judgment in favor of the plaintiff against the defendant.

No demurrer having been filed to the complaint in the lower court, the sufficiency of the same is attacked here by the first specification of the assignment of errors. The statutes of this State permit this practice. Section 346, Burns' R. S. 1894. In commenting on the statute Judge Elliott in his work on Appellate Procedure, section 472, says: "In this State the question as to the right to challenge a complaint on appeal for the first time is settled by statute, and settled, as we believe, in accordance with principle. Doubtless the statute is open to abuse, and that result can only be

prevented by construing it so as to prevent advantage being taken of defects that do not go to the substance. The statute has been before the court in many cases and has been enforced wherever there was no cause of action. It has, indeed, been held, that a complaint may be assailed by the assignment of errors, although a demurrer to it may have been overruled but no exception taken by the trial court, and this holding seems defensible upon the ground that when there is no cause of action there can be no valid judgment."

Counsel for appellant contend that the complaint in this cause is fatally defective, for the reason that there is an entire failure therein to aver any insurable interest or ownership in the plaintiff in the property destroyed, at the time of the fire, and that for this reason the complaint must be held bad, even after verdict and judgment, and when first assailed in this court. No inflexible rule seems to have been established by the Supreme or Appellate Court of this State for determining the sufficiency of a complaint when first assailed by the assignment of errors. The courts have passed upon this question in a large number, and a great variety of cases, and from all these decisions it seems to us that the correct rule deducible therefrom is that the verdict and judgment will not cure a defective complaint, when the question is first raised· by the assignment of error in this court, if the averment of a substantive fact has, by the pleader, been entirely omitted therefrom.

Thus it was said in *Dotson* v. *Dotson*, 13 Ind. App. 436: "When the sufficiency of a complaint is called in question for the first time in this court, the defect in the complaint will be deemed to be cured by the verdict, unless it wholly omits the averment of some material facts essential to the cause of action attempted to be stated." To the same effect are *Lockhart* v.

*Schlotterback*, 12 Ind. App. 683; *Plano Mfg. Co.* v. *Kesler*, 15 Ind. App. 110; *Harter* v. *Parsons*, 14 Ind. App. 331; *Town of Ladoga* v. *Linn*, 9 Ind. App. 15.

In the case of *Cincinnati, etc., R. W. Co.* v. *Stanley*, 4 Ind. App. 364, the court said: "Where there is a failure to plead some independent fact which is essential to a recovery, or to the statement of a substantial cause of action, the omission is fatal, even on a motion to arrest. * * * The verdict will cure all defects in averments except those which are essential to the foundation of the cause of action itself."

In the case of *Mansur* v. *Streight*, 103 Ind. 358, Mitchell, J., delivering the opinion of the court, said: "This is not the case of an essential averment inaccurately or defectively stated, but one where there is a total omission of a fact essential to the plaintiffs' cause of action. In such cases the omission is not cured by a verdict or judgment."

Again, in *Cox* v. *Hunter*, 79 Ind. 590, the Supreme Court says: "It is claimed, however, by appellee's counsel, that, as the complaint was not demurred to, it must be held to be sufficient after verdict, for the reason that its omissions were probably supplied by the evidence and cured by the verdict. If the appellee had defectively alleged the necessary facts, such defective allegations might, perhaps, have been cured by the verdict. But where, as in this case, the complaint entirely omits allegations of fact, necessary and material to the maintenance of the suit, such allegations cannot be supplied by evidence, nor can their omissions be cured by the verdict."

To the same effect see *Old* v. *Mohler*, 122 Ind. 594; *Eberhart* v. *Reister*, 96 Ind. 478.

It is also the settled law of this State that after verdict the complaint will be supported by every reasonable legal intendment if there is nothing in the

record to prevent it, but the verdict will not supply necessary or material averments entirely absent therefrom. *Parker* v. *Clayton*, 72 Ind. 307.

The rule that defects in a complaint are cured by verdict should be, and is, very liberally construed, but at the same time if any effect is given to the statute which permits the complaint to be tested for the first time upon appeal, it certainly should be in those cases where the complaint wholly fails to aver some essential fact indispensable to the cause of action. *Cox* v. *Hunter, supra*; *Mansur* v. *Streight, supra*.

The complaint in this cause is in the following words and figures, omitting the formal parts:

"The plaintiff complains of the defendant and says, that defendant is a corporation doing a general insurance business for hire and compensation, and having an office and agents in Madison county, Indiana. That on the 11th day of March, 1893, the plaintiff was the owner of the following described personal property in the city of Alexandria, to-wit: a general stock of liquors, consisting of whiskies, brandies, wines, beer, etc., etc., and certain saloon furniture and fixtures, all contained in the one-story shingle roof frame building and its additions adjoining and communicating, which was occupied by plaintiff as a saloon situated on the west side of Harrison street on lot No. 5, in block No. 1, in Mary A. Hains' addition to Alexandria, Madison county, Indiana. That on said day the defendant in consideration of the sum of $17.50 paid by plaintiff to defendant as premium, executed and delivered to plaintiff a policy of insurance, a copy of which is filed herewith, marked Exhibit 'A,' and made a part hereof. That on the 31st day of July, 1893, said personal property while still contained in said building, together with said building, was burned and wholly destroyed by fire. That said fire did not

originate by any act, design, or procurement on the part of the plaintiff. That on the 11th day of August, 1893, the plaintiff gave the defendant due notice and proof of said fire and loss sustained by the plaintiff, and that plaintiff has duly performed all the conditions of said policy on his part to be done and performed. That said personal property so insured by the defendant under said policy and contract of insurance when so burned and destroyed by fire was of the value of $2,000; that on the —— day of ———, 189—, the plaintiff demanded of said defendant the payment of said insurance, but said defendant refused to pay same or any part thereof, and still refuses and neglects so to do. That said insurance is long past due and wholly unpaid and there is now due the plaintiff under said policy of insurance the sum of $500.00 and interest thereon from the —— day of ———, 189—. Wherefore the plaintiff demands judgment for the sum of $700.00, and all other proper relief."

Thus it will be seen, that appellant's contention, that there was an entire failure in the complaint to allege an insurable interest or ownership in the plaintiff in the property destroyed at the time of its destruction by fire, is correct. The question then arises, was such an averment material and essential to plaintiff's cause of action and did its omission render the complaint fatally defective.

In the case of *Aurora Fire Ins. Co.* v. *Johnson*, 46 Ind. 315, the Supreme Court says: "The complaint should allege that the assured had an interest in the property insured, and to what amount, at the commencement of the risk and at the time of the loss." To the same effect see *Aetna Ins. Co.* v. *Black*, 80 Ind. 513; *Aetna Ins. Co.* v. *Kittles*, 81 Ind. 96.

Again, in the case of *Home Ins. Co.* v. *Duke*, 75 Ind. 535, the Supreme Court says: "The appellee

claims that, if the averment of interest was defective, it was cured by the verdict; but, as to interest at the time of the loss, here was not merely a defective averment; there was no averment."

In the case of the *Indiana Live Stock Ins. Co.* v. *Bogeman*, 4 Ind. App. 237, this court, we think, settled this contention adversely to appellee herein. In that case Black, J., delivering the opinion of the court said: "The appellee's complaint upon this policy stated the death of the horse on the 15th of July, 1890. It showed that the appellee was the owner of the horse at the date of the contract of insurance, but it wholly failed to show that he owned it or had any interest in it at the time of its death. Therefore, the complaint lacked a material and necessary averment."

It was certainly essential in this cause for appellee to aver and prove ownership of the property insured by appellant at the time of the fire and loss. Under the allegations of the complaint, the averment of ownership at the time of the loss being entirely omitted therefrom, evidence showing such ownership at the time of the alleged loss would not be admissible. This averment being necessary to plaintiff's (appellee's) cause of action, and it being wholly omitted, renders his complaint fatally defective and a verdict and judgment rendered thereon will not cure it, there being no foundation for a valid judgment. The complaint being bad it was error for the lower court to sustain appellee's demurrer to the second and third paragraphs of defendant's (appellant's) answer. *Indiana Live Stock Ins. Co.* v. *Bogeman, supra*; *Batty* v. *Fout*, 54 Ind. 482; *Corporation of Bluffton* v. *Mathews*, 92 Ind. 213; *Aetna Ins. Co.* v. *Black, supra*.

The Supreme Court, in the last mentioned case, says: "A demurrer to an answer reaches back and tests the sufficiency of the complaint. And if the complaint

is bad it makes no difference whether the answer is good or bad. A bad answer is good enough for a bad complaint."

In the case of the *Corporation of Bluffton* v. *Matthews, supra,* the Supreme Court says: "The appellant has assigned as errors: *First.* That the complaint does not state facts sufficient to constitute a cause of action; *Second.* That the court erred in sustaining the demurrer to the second paragraph of answer; and, *Third.* That it erred in overruling the motion for a new trial.

"It is not needed that we should determine whether the complaint should be regarded as sufficient, if the question as to its sufficiency were first raised after verdict. Under the second specification in the assignment of errors the judgment must be reversed, if the complaint was not good on demurrer for want of sufficient facts." We have quoted fully from the last mentioned case on account of the similarity of the questions presented therein to the questions presented by appellant's second and third specification of his assignment of errors. To the same effect and under similar conditions (no demurrer having been filed to the complaint) is the case of *Batty* v. *Fout, supra.* Having held that appellee's complaint was bad, it is unnecessary for us to decide any other question arising under the assignment of errors.

The judgment is reversed at the appellee's costs and the cause is remanded with leave to the appellee to amend his complaint and for further proceedings in accordance with this opinion.