## The Lake Erie and Western Railroad Company *v.* Hoff.

[No. 3,349.  Filed April 3, 1900.  Rehearing denied June 28, 1900.]

Contracts.— *Mistake.— Notice.— Pleading.*— An action by a landowner against a railroad company for damages on account of the alleged closing of a passageway under defendant's tracks cannot be maintained, where the complaint was based upon a written contract or deed executed by plaintiff's remote grantor to defendant's remote grantor and it is disclosed by the deed that the part of the land upon which the underground passageway was located was omitted from the deed, since the deed was not notice to defendant of its liability to maintain such crossing at any place other than upon the land described, and an allegation that the parties to the deed by mutual mistake omitted to describe the tract upon which the passageway was located has no force unless such mistake was brought to the notice of defendant.  *pp. 240-242.*

Adverse Possession.—*Passageway Under Railroad.—Pleading.*—A complaint by a landowner against a railroad company for damages on account of the action of defendant in closing up a passageway under its tracks to plaintiff's damage is sufficient against a de-

murrer, where it is alleged that plaintiff was the owner of the land with uninterrupted adverse use, under claim of right, with notice to defendant of the passageway for more than twenty-one years. *pp. 242, 243.*

HARMLESS ERROR.—*Overruling Demurrer to Bad Paragraph of Complaint.*—Where the special finding shows that sufficient facts were found therein upon which to render judgment under the averments of a good paragraph of complaint, the judgment will not be reversed because of the action of the court in overruling a demurrer to a bad paragraph. *p. 243.*

From the Cass Circuit Court. *Affirmed.*

*J. B. Cockrum, R. J. Loveland, H. P. Loveland, S. T. McConnell* and *A. G. Jenkines,* for appellant.

*J. C. Nelson, Q. A. Myers, E. T. Reasoner, J. W. O'Hara, W. C. Bailey* and *C. A. Cole,* for appellee.

HENLEY, J.—This cause was transferred to this court by the Supreme Court in which court it was filed on the 1st day of September, 1898. Appellee was the plaintiff below and commenced this action to recover damages on account of the alleged wrongful closing of his passageway under appellant's track. The complaint is in three paragraphs. In the first paragraph of complaint it is averred that appellee is the owner and in possession of the following described real estate in Miami county, in the State of Indiana, viz.: Fractional section number twenty-two, being lots numbered one and two south of Eel river in said section twenty-two in township twenty-eight north of range four east, containing eighty-four and eighty-five one-hundredths acres; also "a strip containing five acres of equal width across the north end of the northwest quarter of section number twenty-seven of the same township and range." Said two tracts lie contiguous and constitute a single farm. On the 12th day of August, 1868, one Isaac Fisher, who then owned said land, granted by deed to the Chicago, Cincinnati & Louisville Railroad Company a right of way through a portion of said land, a copy of which deed is filed with and made a part of the complaint; and said deed was duly recorded in the deed

records of the said county. That it was the intention of the parties to said deed that it should convey a right of way through all of the real estate hereinbefore described, but the said deed by the mutual mistake and inadvertence of both parties thereto was so drawn as to describe but a portion of said real estate. That by said deed the grantee as a part consideration for the grant therein contained agreed to construct and maintain an underground crossing sufficient for the free passage of teams, loaded wagons, live stock, etc., under appellant's road, which was about to be constructed on said right of way. That in pursuance of said agreement the grantee in said deed did establish on the five acre tract of land last described a crossing of the kind agreed upon in the contract, and for many years maintained said crossing in compliance with said contract. That appellant, a foreign corporation, became the successor of said Chicago, Cincinnati & Louisville Railroad Company by *mesne* conveyances and the owner of the said right of way conveyed by the deed aforesaid. That in October, 1895, said appellant without right and without the consent of appellee destroyed and obstructed said underground passage so that it is insufficient for the purposes for which it was used and intended, by reason of which appellee's land has been damaged in the sum of $1,500, etc. There is no material difference between the first and second paragraphs of complaint.

In the third paragraph of complaint the ownership of all the land described in the first paragraph of complaint, and the uninterrupted adverse use, under claim of right, with notice to the appellant of this passageway ·for more than twenty-one years are alleged. That appellee's passage so acquired has been filled up and obstructed so that it is rendered of no use to him, and that his land has been damaged and he has been put to great trouble and expense in re-arranging his fences, etc.

A demurrer to each paragraph of complaint was overruled. This ruling is the first alleged error of the lower

court presented to us for decision.   Both the first and second paragraphs of complaint count upon a written contract or deed executed by appellee's remote grantor to appellant's remote grantor.  This deed being of record was notice of its contents to all holding thereunder.  As is disclosed by both paragraphs of complaint under consideration, and by the deed filed as an exhibit, a part of appellee's land, being the part upon which his underground passageway was located, was omitted from the deed.   The deed was not notice to appellant of its liability to maintain such a crossing at any place other than upon the land described therein.   The allegation that the parties to the deed by mutual mistake omitted to describe the five-acre tract upon which the passageway was located has no force unless such mistake was brought to the notice of appellant.   Under the allegations of appellee's first and second paragraphs of complaint, the rights of the parties to this action must be measured by the deed as it stands, and there could be no liability on the part of appellant for the damages claimed growing out of the change or obstruction of the passageway as described and located in said pleadings.   The third paragraph is undoubtedly good as against any objection counsel have pointed out.

It is contended by counsel for appellee that errors in overruling demurrers to pleadings, when there is a special verdict or special findings of fact, are not material, and numerous cases are cited from both courts of appeal in this State to sustain this statement.   Nearly all the cases cited justify counsel's statement, but the Supreme Court have, we think, with good reason, established a different rule of law.   The recent cases in that court have been to the effect that if an averment essential to the sufficiency of a pleading is omitted therefrom, and the special finding finds said omitted averment, which, if it had been contained in the pleading would  have rendered the same sufficient, this will

not cure the error of the court in overruling a demurrer to such pleading, for the reason that such a finding is outside the issues, and such facts must be disregarded by this court. A special finding, special verdict, or answers to interrogatories may show that the errors of the trial court in its rulings upon demurrers were harmless, but they can in no case supply essential averments omitted from a pleading. *Bird* v. *St. John's Episcopal Church*, 154 Ind. 138; *Cleveland, etc., R. Co.* v. *Parker*, 154 Ind. 153; *Western Assurance Co.* v. *Koontz*, 17 Ind. App. 54.

In *Pittsburgh, etc., R. Co.* v. *Moore*, 152 Ind. 345, 44 L. R. A. 638, it is said: "When a pleading is tested by demurrer, it must stand or fall by its own averments. It can find neither weakness nor strength from other parts of the record." We must then regard the cases cited by appellee to sustain his contention that errors in overruling demurrers to pleadings when there is a special verdict or special findings of fact are not material, as modified, in this particular, to conform with the rule expressed in the later decisions herein cited.

The lower court erred in overruling the demurrers addressed to the first and second paragraphs of complaint.

An examination of the special findings shows that sufficient facts were found therein upon which to render judgment under the averments of the third paragraph of complaint. It thus appears affirmatively from the record that the judgment was founded upon a good paragraph of complaint, and will not be disturbed. The other questions presented by the record are without merit, and a discussion of them would serve no useful purpose. We find no reversible error. Judgment affirmed.