ROSS ET AL. *v.* VALENTINE ET AL.

[No. 17,380.   Filed November 16, 1945.   Rehearing Denied
December 20, 1945.   Transfer Denied January 24, 1946.]

*Newkirk & Keane* and *McAdams & Lincoln,* all of Ft. Wayne, for appellants.

*Guy Stookey* and *James P. Murphy,* both of Ft. Wayne, for appellees.

ROYSE, C. J.—Appellees brought this action against appellants to have their right to an alleged easement over certain real estate established and to require appellants to remove all obstructions from such easement.

Appellees' amended complaint in substance alleged that said appellees were the owners of four described tracts of real estate in Allen County; that Tract 2 was subject to an easement of a roadway 14 feet wide extending over the west side of said tract, which roadway extends over the west side of the 6.91 acres immediately north of said Tract 2 and also at the same width over the west side of the three acres immediately south of said Tract 2, and there is included the right to use said roadway over the property to the north and south of said tract for ingress and egress thereto.

It is then averred the appellants Ross are the owners of certain described real estate containing 1.17 acres lying immediately south of Tract 4, which real estate extends to the Sand Point Road; that the appellants Scherer are contract purchasers of said real estate.

It is then alleged appellees are the owners of a way over the west side of said real estate to the Sand Point Road which way is 14 feet wide running north and south on appellees' real estate; that said roadway was established by a deed of conveyance from Mary C. Fox Winzer to Max and Anna Redmerski in a deed executed on the 17th day of September, 1923, which deed was duly recorded in the office of the Recorder of Allen County; that since the execution of said deed there has

been an easement 14 feet wide along the west side of all said described real estate extending from the Sand Point Road north a distance of 1972.75 feet.

It is then alleged the appellees and their immediate and remote grantors have used and enjoyed an easement and right of way over appellants' real estate for more than 20 years; that the appellees Valentine have no other way or means of access to said highway except over said way and the same has been used and enjoyed by the owners of said lands as an appurtenant way during said time, as well as by others for ingress and egress and that it is necessary to the enjoyment and use of their properties; that said way has been recognized as the boundary line by the owners of said real estate since the execution of said deeds in 1923, and said roadway annexed to and passed with various conveyances of the estate; that said deed was of record when appellants Ross purchased said land. It is then alleged the appellants hindered and prevented appellees from using said easement by building fences, chicken coops and hog pens across said easement.

Appellants Scherer filed an answer under the rules denying the existence of the easement and alleging they were innocent purchasers for value without any notice, actual or constructive, of any easement over their real estate.

Appellants Ross, after their partial demurrer was overruled, filed an answer under the rules denying the existence of any easement over their real estate.

Upon proper request the trial court made special findings of facts and stated its conclusions of law thereon as follows:

Conclusion No. 1—"The plaintiffs have failed to establish an easement by virtue of necessity and upon this theory they are entitled to no relief."

Conclusion No. 2—"The plaintiffs have failed to establish an easement upon the theory of a continuous use for a period of twenty years and are not entitled to any relief upon this issue."

Conclusion No. 3—"That by the deed set out in Finding No. 2, the grantors intended to and did convey and grant an easement of way over the west 14 feet of the real estate described and contained in Exhibit 'A' and 'B' appurtenant to and for the benefit of the real estate described in said deed and the 6.91 acres lying immediately north thereof and for the use and benefit of the owners of the other tracts of real estate then owned by the grantor in said deed and set out in Exhibits 'A' and 'B' of these findings."

Conclusion No. 4—"That said easement of right-of-way has not been lost or vacated by lapse of time and non-user."

Conclusion No. 5—"That the law in this cause is with the plaintiffs and judgment should be entered in favor of the plaintiffs in accordance with these conclusions of law, at defendants' costs."

The appellants excepted to the trial court's conclusions of law Nos. 3, 4 and 5.

The assignment of errors here is as follows:

1. The Court erred in overruling Partial Demurrer of appellants, Ross and Ross, to appellees' amended complaint.
2. The Court erred in its conclusion of law No. 3.
3. The Court erred in its conclusion of law No. 4.
4. The Court erred in its conclusion of law No. 5.
5. The Court erred in rendering its judgment and decree in conformance with said conclusions of law numbered 3, 4, and 5 and each of them.

The facts found by the trial court were substantially as follows: That prior to June 28, 1913, Edward R. Fox and Mary C. Fox were the owners in fee simple of 14 acres of described real estate in Allen County, In-

APPELLATE COURT FINDINGS
IN CASE NO. 17380 Scale 1"-100'

diana—Tracts 1, 2 and 3 on Plat herein. (For convenience we use one plat instead of Exhibits "A" and "B", which were plats of the land here involved and a part of the trial court's findings) ; that on said date they purchased certain other described real estate—Tracts 4, 5 and 6; that this real estate gave said Foxes access to the Sand Point Road from the above mentioned 14 acres; that since 1916 the Foxes and their immediate and remote grantees used the west 14 feet of Fox's real estate to pass from their home located on said 14 acres to and from the Sand Point Road and continued to use said 14 feet until the house on said real estate burned down in 1929. That prior to September 13, 1923, Edward R. Fox died and Mary C. Fox became the owner of said real estate. Subsequently, Mary C. Fox married William Winzer. On September 13, 1923, Mary Fox Winzer had said 14 acres surveyed and divided into three tracts. The north tract, No. 1, contained 6.91 acres, the middle tract, No. 2, 5 acres, and the south tract, No. 3, between 2 and 3 acres. On September 17, 1923 Mary C. Fox Winzer and her husband conveyed to Max Redmerski and Anna Redmerski Tract No. 2 of said real estate. The deed, after describing said real estate by metes and bounds, provided as follows:

"The grantors reserving the right of 14 feet on the west side of the above described real estate for a roadway and also hereby giving and granting to the grantees herein a roadway for ingress and egress of 14 feet on the west side of 6.91 acres immediately north of the aforesaid 5 acres hereby conveyed and also hereby giving and granting to the grantees herein a roadway for ingress and egress of 14 feet on the west side of the 3 acres immediately south of the aforesaid 5 acres hereby conveyed."

The court found that at the time Redmerskis acquired said land there was no access thereto from the Sand Point Road except over the land of Mary Fox Winzer; that Tract 2 was conveyed from time to time and was owned on April 15, 1943 by James L. Liggett; that the buildings referred to were on Tract 2; that after Redmerskis acquired said tract they used the driveway previously used by the Foxes to get from their home to and from the Sand Point Road. Prior to 1926 the owners of the real estate east of the real estate acquired by the Foxes in June 1913 made available for the owners of real estate abutting thereon a driveway extending north from the Sand Point Road, which driveway was approximately 40 feet in width and known as the Garden View Road. This roadway was approximately 200 feet east of the driveway which the Foxes had used before selling said Tract 2. After the building burned on said Tract 2, this tract was occasionally used for gardening. As late as 1936 and 1937 the owners of the land abutting the Garden View Road maintained it was a private road and refused to permit persons having garden plots in said tract to use it.

On February 15, 1926 Mary C. Fox Winzer caused the real estate acquired in June, 1913 to be surveyed (shown as Tracts 4, 5 and 6 on plat). Subsequently she, by warranty deeds and without reference to any easement, conveyed Tracts 1 and 3 and Tracts 4, 5 and 6, the last of which was Tract 5 which was conveyed to Cora Lerch on May 8, 1929. Upon this tract was a residence and back of the residence a garage. There was a gravel driveway from the Sand Point Road east of the residence which led to the garage. The Garden View Road was graveled and possessed every indicia of a public highway. There was no building on the real estate north of the property acquired by Cora Lerch.

There was nothing indicating a driveway upon or over said Tract 5 excepting the gravel driveway hereinbefore mentioned and nothing to indicate anyone was or had been using any portion of said Tract 5, except that extending north from, at or near said garage, and in the direction of said driveway, there was an offset in the ground and a fence 14 feet east of the west line of the real estate lying immediately south of Tract 2.

On August 2, 1933 said Cora Lerch and her husband conveyed Tract 5 to appellants Ross, at which time there was nothing which indicated that a driveway existed over said real estate, and said appellants had no knowledge of the existence or the use of any part of said land as a driveway except the gravel drive hereinbefore referred to. The Garden View Road running north from the Sand Point Road was then graveled and in use by persons who lived along said road and others who had occasion to visit them. At this time there were no buildings on the land north of Tract 5. Subsequently appellants Ross sold, under contract, Tract 5 to one Velma Haffner who in turn sold and assigned her interest in said contract to appellants Scherer. It was further found that after said Cora Lerch acquired said tract the Lerches resided on it until it was conveyed to appellants Ross who never lived thereon. While said real estate was occupied by the Lerches appellees Valentine were permitted to use the Lerch garage driveway in going to and from their barn to the Sand Point Road. Said appellees never used or asserted any right to use the West 14 feet of Tract 5 at any time prior to April 15, 1943. Prior to said last mentioned date a fence was maintained dividing Tract 5 and the land adjacent on the West owned by appellees Valentine. The south portion of said fence was a hedge jointly maintained by Cora Lerch and said appellees.

It was further found that between March, 1925 and January, 1943 appellees Valentine acquired Tracts 7, 8 and 9; that when they acquired Tract No. ―― the deed from their grantors provided, in part, as follows:

"As a further consideration for this conveyance, the grantee agrees with the grantor that the West twenty-five (25) feet of said tract above described is hereby reserved and made subject to an easement for highway purposes, together with the East twenty-five (25) feet paralleling and adjoining the West 25 feet of the tract hereinabove described, which latter described tract is now owned by the said grantor above named; which East twenty-five (25) feet is hereby subjected to an easement for highway purposes, which easements shall be for the mutual benefit of the grantor and the grantee herein; together with the following described tract owned by the grantor, which tract is subjected to the same easement for highway purposes and is described as follows, to-wit:

"Beginning at the Southwest corner of the three (3) acre tract hereinabove described, thence East on the South boundary of said tract a distance of twenty-five (25) feet; thence south a distance of 324.1 feet to the Sand Point Road; thence Southwesterly along the Sand Point Road a distance of Fifty (50) feet; thence North to a line parallel with the South line of the three (3) acre tract hereinabove conveyed; thence East a distance of twenty-five (25) feet to the place of beginning.

"It is the intention of the grantor herein, by the description herein last employed to subject a fifty (50) foot strip to an easement for highway purposes. This covenant is to be construed as a covenant running with the land and not a condition expressed or implied."

that said appellees owned all of Tracts 7, 8 and 9 when, on April 15, 1943 they acquired from James L. Liggett Tracts 1 and 2. The real estate owned by said appellees on April 15, 1943 extended from the Sand Point Road

north a distance of 1087.1 feet and the north 444.4 feet of their real estate joined and was adjacent to the land acquired by them from said Liggett. At the time they acquired the land from Liggett they had and still have access over their own land to the Sand Point Road. Shortly after acquiring the land from Liggett said appellee erected a fence along the south side of Tract 2 across the 14 feet over which they claim an easement. There was a gate in said fence about 200 feet east of where they claim such easement exists at the north terminus of the Garden View Road so as to have access over the Garden View Road to the Sand Point Road. Immediately after acquiring Tracts 1 and 2 appellees Valentine asserted the right to use the West 14 feet of Tract 5 owned by appellants Ross and sold under contract to appellants Scherer for the purpose of passing back and forth from the Sand Point Road to said Tracts 1 and 2, which right was denied by appellants. The only reference to the appellees Riley in the findings is that they had never used the West 14 feet of Tract 5 and never knew of its being used by anyone else and did not claim the right to use the same for access to and from the Sand Point Road; that they own two parcels of real estate not described containing approximately two acres between appellants' real estate and Tracts 1 and 2 acquired by appellees Valentine from James L. Liggett.

Upon these facts the trial court stated its conclusions of law as hereinbefore set out. In view of the conclusion we have reached we do not deem it necessary to consider the first assignment of error.

The sole question to be determined by this appeal is: Did the provisions of the deed of September 17, 1923 from the Winzers to the Redmerskis create an easement by express grant in favor of the appellees as against

the appellants? For the reasons hereinafter set out, we are of the opinion it did not.

The instrument by which an easement by express grant is created should describe with reasonable certainty the easement created and the dominant and servient tenements. 28 C. J. S. 678, § 24.

A reservation of an easement is not operative in favor of land not described in the conveyance. 28 C. J. S. 686, § 29. The intention of the parties will not control the plain and unambiguous terms of the deed as against third persons. 26 C. J. S. Deeds, § 100.

In *Lake Erie and Western Railroad Company* v. *Hoff* (1900), 25 Ind. App. 239, 56 N. E. 925, this court held, an action by a landowner against a railroad company for damages on account of the alleged closing of a passageway under defendant's tracts cannot be maintained, where the complaint was based upon a written contract or deed executed by plaintiff's remote grantor to defendant's remote grantor and it is disclosed by the deed that the part of the land upon which the underground passageway was located was omitted from the deed, since the deed was not notice to defendant of its liability to maintain such crossing at any place other than upon the land described, and an allegation that the parties to the deed by mutual mistake omitted to describe the tract upon which the passageway was located has no force unless such mistake was brought to the notice of the defendant.

With the foregoing rules as our guide, we proceed to a consideration of the question presented by this appeal.

The deed from the Winzers to the Redmerskis described with certainty the extent of the easement it created. In unambiguous terms it described the land over which it would be operative. The easement there-

by created was appurtenant to Tracts 1 and 2 and the 3 acres immediately south of Tract 2. The trial court found that Tract 3, which is immediately south of Tract 2, contained between 2 and 3 acres. This finding was corroborated by Exhibit "A" which was made a part of the findings. The deed here involved contained a metes and bounds description of Tract 2 and all of the real estate referred to therein was in a portion of the N. E. ¼ of the S. W. ¼ of Sec. 21, Twp. 30 N, R. 12 E. The appellants' real estate is in the S. E. ¼ of the S. W. ¼ of the same section, etc.

Under the well-established rules for the construction of deeds, we are of the opinion that the provision in the deed granting to the grantee a roadway 14 feet wide on the west side of the 3 acres immediately south of the 5 acres conveyed (Tract 2), can be construed as referring only to Tract 3.

The findings show that on May 8, 1929 the Winzers by deed conveyed Tract 5 to Cora Lerch and said deed made no reference to the easement her involved. We are of the opinion the special findings show the appellants did not have actual or constructive knowledge of the existence of such easement.

The judgment of the Superior Court of Allen County is reversed with instructions to restate its conclusions of law Nos. 3, 4 and 5 in accord with the views herein expressed and to render judgment accordingly.

BOWEN, J.—Not participating.

NOTE.—Reported in 63 N. E. (2d) 691.