LENNERTZ ET AL. v. YOHN ET AL.

[No. 17,748. Filed May 19, 1948. Rehearing denied June 10, 1948. Transfer denied September 29, 1948.]

*George E. Hershman* and *Oliver W. Hershman,* both of Crown Point, attorneys for appellants.

*Davis* and *Gruenberg* and *Wm. J. Regan,* all of Gary, attorneys for appellees.

HAMILTON, J.—This is an action by the appellants to quiet title to certain real estate owned by them in Lake County, Indiana. Appellees Yohn and Yohn filed a cross-complaint and answers in which they asserted a right to the continued use and enjoyment of a driveway herein described under and by virtue of a certain written instrument executed on April 8, 1941, by the then owners of the real estate now owned by the appellants and appellees.

The court rendered its special findings of fact and stated its conclusions of law thereon in favor of ap-

pellees, to which conclusions appellants excepted. Judgment was rendered upon the conclusions of law and upon the overruling of their motion for a new trial appellants perfected this appeal.

The errors relied upon for reversal are that the court erred in each of its conclusions of law numbered 1, 2 and 3 and that the court erred in overruling .appellants' motion for a new trial.

The facts as found by the court are, in substance, as follows:

1. .The court finds that on April 8, 1941, one Blanche H. Carlson was the owner of the following described real estate in Lake County, Indiana, to-wit:

The East 55 feet of Lot No. 11 (of 1 acre lots) containing 0.33 of an acre and the West 22 feet of Lot No. 12 (of 1 acre lots) containing 0.13 of an acre, all in Section 16, Township 35 North, Range 8 West of the 2nd P. M.,

2. The court further finds that on the 8th day of April, 1941, the following written instrument. was made by and between one Blanche Carlson and Lawrence and Dorothy Rumbaugh, to-wit:

"On this 8th day of April, 1941, we hereby enter into an agreement between Blanche Carlson and Lawrence and Dorothy Rumbaugh the right to use the present drive between properties of same for driveway purposes for ninety-nine years for sum of $10.00 and further agree to help maintain upkeep of driveway.

"Transfer of either property is forthwith subject to the above agreement.

Blanche Carlson<br>
Dorothy Rumbaugh<br>
Lawrence Rumbaugh

"Before me April 8, 1941, J. Allen Moninger (Justice of Peace seal attached)."
which said writing was recorded on April 21, 1941, which instrument was at the time of pur-

chase by Lennertz and Lennertz delivered to the plaintiffs by Blanche Carlson.

3. The court further finds that on said date the West line of the property heretofore found to be owned by Blanche H. Carlson was the East line of the property then owned by said Lawrence and Dorothy Rumbaugh. That the North line of each of said properties abutted upon the right of way line of State Highway No. 330, and that starting at the South right of way line of said State Highway No. 330 on the dividing line of said two properties, there was a hedge fence extending from said Highway running South to opposite the Northeast corner of the house on the Rumbaugh property. That the only driveway upon or near the property lines of said real estate was wholly upon the Carlson property and was used by the persons owning or occupying both the Carlson and Rumbaugh properties. That at the time of the execution of the written instrument set forth in Finding No. 2 there was no fence or structure on the dividing line of said properties from the Southeast corner of the Rumbaugh residence to the South line; that there was no monument of the dividing line of said property South of the hereinabove mentioned hedge fence.

4. The court further finds that on May 2, 1941, Lawrence R. Rumbaugh and Dorothy M. Rumbaugh, husband and wife, executed and delivered a Warranty Deed to Guy U. Yohn and Helen Marie Yohn, husband and wife, for the following described real estate in Lake County, Indiana, to-wit:

Part of lot No. 11 of 1 acre lots in Section 16, township 35 North, Range 8 West of the 2nd P. M., commencing at a point 55 feet West of the Northeast corner thereof, and running thence South 150 feet; thence West 50 feet; thence North 150 feet; thence East to the place of beginning, in the Town of Merrillville, . . .

which said deed was duly recorded on May 9, 1941; that said deed contained no other restrictions, reservations or additional rights.

That thereafter said Guy U. Yohn and Helen Marie Yohn . . . executed a Warranty Deed to Lawrence R. Rumbaugh and Dorothy M. Rumbaugh . . . for the purpose of securing the unpaid portion of purchase price for said real estate.

5. The court further finds that sometime after the receipt of the deed hereinbefore mentioned in Finding No. 4, the said Guy U. Yohn and Helen Marie Yohn moved upon said property and took possession thereof and have since and are now occupying said property.

6. The court further finds that on April 12, 1944, Blanche H. Carlson and her husband, Walter C. Carlson, executed and delivered a Warranty Deed to Pete Lennertz and Bertha Lennertz, his wife, for the following described real estate in Lake County, State of Indiana, to-wit:

(Same as described in finding No. 1),

which said deed was . . . duly recorded . . . on May 31, 1944, . . . and that the plaintiffs, Pete Lennertz and Bertha Lennertz, his wife, are now the owners of said described real estate; that said deed contained no restrictions, reservations, or conditions.

7. The court further finds that in the fall of 1943, Guy U. Yohn built a fence on the property line between said properties starting at a point directly east of the Southeast corner of the residence or house on the Yohn real estate and running thence South to the South line of said lot; said fence was built by placing 4 x 4 posts into the ground at a distance of approximately eight feet apart, and nailing on said posts cross pieces upon which was placed the woven wire and that the woven wire was wrapped around the north post and a strip of lath or other board was nailed over said woven wire and fastened to said north post. That the north post of said fence was about two and one-half or three feet East of the Southeast corner of the residence of said Yohn property; that said fence remained on and along said line continuously from the time of its erection until during the middle of November, 1944; that said fence was so erected on said property at the

time of the execution of the Warranty Deed described in Finding No. 6. That prior to the building of the above fence by Guy U. Yohn, said Yohn and Yohn contributed to the maintenance of the driveway described in Finding No. 3 and also used said driveway for the purpose of their property until the above fence was erected. That about two weeks later Charles Lennertz, the son of Pete Lennertz and Bertha Lennertz, erected a fence approximately six inches East of the line between said properties, which fence still remains.

8. The court further finds that on April 8, 1941, and for many years prior thereto said Blanche H. Carlson was a married woman living with her husband, Walter C. Carlson, and that she still is a married woman.

9. The court further finds that Blanche H. Carlson and her husband, Walter C. Carlson, in connection with their cross-complaint filed herein, in an attempt to protect themselves on their Warranty Deed, issued to the plaintiffs, Pete Lennertz and Bertha Lennertz, tendered to the defendants, Yohn and Yohn, the sum of Ten Dollars ($10.00), in open court after commencement of this action and just before commencement of trial, which tender was refused and thereupon the money was paid into the clerk's office to be paid under order of court to whomsoever it may belong.

10. The court further finds that the defendants, Guy U. Yohn and Helen Marie Yohn, are claiming and asserting some right, title or interest in the real estate owned by the plaintiffs and heretofore described in Finding No. 6 by virtue of the writing set out in Finding No. 2.

Upon the foregoing findings of fact the court stated the following conclusions of law, to-wit:

"(1) The court finds the law to be in favor of the defendants and cross-complainants, Guy U. Yohn and Helen Marie Yohn, upon the issues joined and tried by the court, that they have the right to use the driveway as now existing on the

real estate of the plaintiffs, for ninety-nine (99) years from April 8, 1941.

" (2) That the plaintiffs, Pete Lennertz and Bertha Lennertz, are the owners in fee simple of the real estate described in the complaint and are entitled to a quiet title decree against any and all defendants, except Guy U. Yohn and Helen Marie Yohn.

"(3) That the tender made in open court by Walter C. Carlson and Blanche Carlson, defendants, be refunded to them."

The decisive question presented is whether or not the written instrument executed by Blanche Carlson, Dorothy Rumbaugh, and Lawrence Rumbaugh, the then respective owners of each parcel of real estate now owned by appellants and appellees, on April 8, 1941, is sufficient to create an interest easement or a covenant which runs with the land, without being specifically mentioned in the respective deeds thereafter executed by said Blanche Carlson, Dorothy Rumbaugh, and Lawrence Rumbaugh and without being specifically assigned.

An examination of the authorities discloses that the rule established by the weight of authority is to the effect that, in order to create an express easement, or a covenant granting a right of way by deed or other written instrument, "The instrument by which an easement by express grant is created should describe with reasonable certainty the easement created and the dominant and servient tenements. 28 C. J. S. 678, § 24. A reservation of an easement is not operative in favor of land not described in the conveyance. 28 C. J. S. 686, § 29. The intention of the parties will not control the plain and unambiguous terms of the deed as against third persons.

26 C. J. S., Deeds, § 100." *Ross* v. *Valentine* (1946), 116 Ind. App. 354, 364, 63 N. E. 2d 691.

Also, in 17 Am. Jur. 939, § 25 discussing express easements, the rule is stated as follows: "With reference to the manner of grant, the rule is that in describing an easement, all that is required is a description which identifies the land that is the subject of the easement and expresses the intention of the parties."

Considering the agreement of April 8, 1941, as set forth in special finding No. 2, *supra*, we find that it wholly fails to describe with reasonable certainty either the dominant or servient tenements; there is no attempt to describe the location of the drive referred to; the location of the properties affected is not described in any manner, whether platted, or unplatted; whether located in an incorporated town or city; the lot number, if platted, or the section, township and range, county or state in which the real estate is located, if unplatted; there are no express words granting, conveying, or creating an easement in favor of any specified named person or creating either a dominant or servient estate as to any particular described tract of land.

It expressly appears from special findings Nos. 4 and 6, *supra*, that each of the parties executing the agreement of April 8, 1941, thereafter conveyed their respective parcels of real estate to third persons, without restrictions, conditions, reservations, or reference to any rights, easements, or covenants created by the agreement of April 8, 1941. There is no finding that the agreement of April 8, 1941, was assigned or transferred to any other person, or persons, by either of the persons signing said instrument. Under the rule for construction of written instruments creating an ease-

ment as above declared in *Ross* v. *Valentine, supra,* we are of the opinion that any rights created by the agreement dated April 8, 1941, were personal in character and in the absence of a reservation, condition, or restriction in a deed or an assignment or transfer of the rights created thereby from the signers thereof to another, the appellees acquired no rights thereunder when they purchased their property, and said agreement of April 8, 1941, did not create a covenant or easement which runs with the land and that the court erred in each of its conclusions of law. *Indianapolis Water Company* v. *Nulte* (1890), 126 Ind. 373, 377, 26 N. E. 72; *Conduitt* v. *Ross* (1885), 102 Ind. 166, 169, 26 N. E. 198; *Lucas* v. *Rhodes* (1911), 48 Ind. App. 211, 218, 94 N. E. 914.

Judgment reversed with instructions to restate the conclusions of law in favor of appellants and render judgment accordingly.

Draper, C. J., not participating.

NOTE.—Reported in 79 N. E. 2d 414.