No. 1,000.

## TOWN OF LADOGA ET AL. *v.* LINN.

APPELLATE COURT PRACTICE.—*Complaint Questioned for First Time on Appeal.— When sufficient.*—When a complaint is questioned for the first time in the appellate tribunal, it is sufficient to withstand such an attack, if it would be good after verdict, or is sufficient to bar another action for the same cause.

SAME.—*Joint Assignment.— When Presents no Question.*—A joint assignment of error by two appellants, on a ruling as to a separate demurrer by one of such appellants, presents no question for consideration.

SAME.—*Evidence Tending to Support Verdict.— Weight of Evidence.*—Where there is evidence tending to prove all the material averments of the complaint, the verdict will not be disturbed on the weight of the evidence.

APPEAL.—*Record.—Instructions Made Part of Motion for a New Trial. —Incorporating Motion for a New Trial into Bill of Exceptions.— Practice.*—The practice of making the instructions a part of the motion for a new trial is not to be commended, and there is no necessity for incorporating the motion for a new trial into a bill of exceptions, but such practice, however, will not defeat the rights of appellants on appeal, if the record was, in other respects, sufficient to present the error of which complaint is made.

INSTRUCTIONS TO JURY.— *Where Record·Does not Show That All are Contained Therein.—Effect.*—Where the record does not affirmatively show that the instructions therein set out were all that were given in the cause, the judgment will not be reversed on account of an instruction given and complained of, unless it is so radically wrong as to be incurable.

ASSIGNMENT OF ERRORS.—*Joint Assignment.— When Must Fail.*—A joint assignment of error by two appellants in relation to instructions given can not be considered on appeal, unless the assignment is good as to both appellants joining therein.

STREETS AND ALLEYS.—*Obstruction.—Nuisance.— Use of for Storage of Drays and Wagons.*—A street may be used temporarily and in a reasonable manner, by an adjoining owner, for loading and unloading goods, and, perhaps, for other purposes, when such use is necessary, but he has no right to appropriate a portion of the highway as a stable yard or as a storage place for his drays or wagons when the same are not in use.

From the Montgomery Circuit Court.

*G. Harney,* for appellants.

*G. W. Paul* and *M. W. Bruner,* for appellee.

DAVIS, C. J.—There has been only a meager and imperfect attempt in the preparation of the transcript in this case to comply with the rule in relation to the marginal notes indicating the several parts of the pleadings, orders of the court, names of the witnesses, etc.; neither has the transcript, except the bill of exceptions, been paged.   Rule 30.

It is the duty of counsel to comply with the rule, and to see that the record is in such condition as will properly present the questions on which ɪthe judgment of this court is invoked.

The failure to do so is likely to result in the dismissal of the appeal.   *Bowman* v. *Simpson,* 68 Ind. 229; *Rout* v. *Woods,* 67 Ind. 319; *Beigh* v. *Smarr,* 62 Ind. 400.

We learn from the statements of counsel and an examination of parts of the record, that this was an action brought by appellee against appellants to recover damages on account of negligence of appellants in permitting a dray to stand in a street in said town after night, which caused appellee's horse to take fright and run away, resulting in such injuries that the animal had to be killed.

The facts alleged are sufficient to show that the dray was, under the circumstances stated in the complaint, on the occasion in question, a frightful object which was naturally calculated to frighten a horse of ordinary gentleness, and that the horse frightened was of such a character, etc.

The errors assigned are:

1.   The complaint does not state sufficient facts to constitute a cause of action.

2.   The court erred in overruling the demurrer to the complaint.

3. The court erred in overruling the motion for a new trial.

· The rule is firmly established, that when the sufficiency of the complaint is questioned for the first time in this court, if the complaint would be good after verdict, or is sufficient to bar another action for the same cause, it is sufficient to withstand such an attack.  *Burkhart* v. *Gladish*, 123 Ind. 337 (341).

The only demurrer was the separate demurrer of the Town of Ladoga.   The joint assignment of error on that ruling presents no question for our consideration. *Louisville, etc., R. W. Co.* v. *Smoot*, 135 Ind. 320, 33 N. E. Rep. 905.

Therefore, on the first and second errors assigned, the only question which arises is whether the complaint states a good cause of action, under the rule above stated, against either of appellants.

The burden of appellants' argument is that the facts pleaded are not sufficient to charge the town of Ladoga with negligence.   This question, for the reasons stated, we are not required to determine.   No reason has been urged in the brief of counsel for appellants which would justify the court in holding that the complaint does not charge actionable negligence against appellant Shackleford, at least, when attacked for the first time in this court.   See *Town of Rushville* v. *Adams*, 107 Ind. 475; *Cleveland, etc., R. W. Co.* v. *Wynant*, 114 Ind. 525; *Westfield Gas, etc., Co.* v. *Abernathy*, 8 Ind. App. 73; Elliott's Roads and Streets, 477; Beach on Pub. Cor., section 1511; *Cohen* v. *Mayor, etc., of New York*, 113 N. Y. 532.

In support of the motion for a new trial, it is urged that the verdict of the jury is not sustained by sufficient

evidence; that it is not shown that the horse took fright at the dray.

There was evidence tending to prove all the material averments in the complaint, among others, that appellant Shackleford was a drayman; that on the night in question he negligently left the dray standing in a public street in said town; that it had been his custom and habit to so leave the dray, of nights, in said street, about the same place, for several months, and that the horse, on the occasion in question, while being driven to a buggy along, the street, in the manner and under the circumstances alleged, became frightened at the dray, and was injured, etc.   See, in this connection, *Town of Monticello* v. *Kennard,* 7 Ind. App. 135, 34 N. E. Rep. 454.

The jury were the sole judges of the evidence, and, under the well settled rules of this court, the verdict will not be disturbed on the weight of the evidence.   *Cleveland, etc., R. W. Co.* v. *Wynant,* 134 Ind. 681, 34 N. E. Rep. 570.

It is next insisted that the court erred in giving certain instructions.

There appears a bill of exceptions in the record in which the motion for a new trial is set out, and the instructions in question, with others, are incorporated into the motion for a new trial.

The practice of making the instructions a part of the motion for a new trial is not to be commended, and there is no necessity for incorporating the motion for a new trial into a bill of exceptions.   This practice, however, would not defeat the rights of appellants on appeal, if the record was in other respects sufficient to present the error of which complaint is made.   In this case it does not appear that the instructions so set out are all the instructions which were given.

The motion for a new trial contains the following re-

cital:   "The court, on its own motion, gave to the jury the following instructions:"   Then follow instructions to which reference has been made.   Whether any other instructions were given, is not stated.

The bill of exceptions, in such case, should affirmatively show, either by direct statement or by necessary implication, that the instructions set out in the bill were all that were given.

The rule here applicable is stated by Judge MITCHELL as follows:   "In the absence of such affirmative statement, or something from which the fact could be implied, we could not reverse a judgment unless an instruction complained of was so radically wrong as to be incurable."   *Cooper* v. *State,* 120 Ind. 377.   See, also, *Marshall* v. *Lewark,* 117 Ind. 377; *Lehman* v. *Hawks,* 121 Ind. 541 (547); *City of New Albany* v. *McCulloch,* 127 Ind. 500; *Pence* v. *Waugh,* 135 Ind. 143, 34 N. E. Rep. 860 (864).

See, also, for correct statement of the rule, *Lower* v. *Franks,* 115 Ind. 334.

Therefore, unless the instructions given were so palpably erroneous that no supposable instructions would have made them correct, there can be no reversal for that reason in this case.

The court, in the course of the instructions, said to the jury:   "Shackleford had no right to leave his dray in the street."

It is insisted, by counsel for appellants, that "Shackleford had as much right to the use of a portion of that eighty foot street as did appellee," and, therefore, that as to him the instruction was erroneous.

The joint assignment of error by both appellants in relation to instructions given can not be considered, on appeal, unless the assignment is good as to all joining in it.   *Douthit* v. *Douthit,* 133 Ind. 26, 32 N. E. Rep. 715.

Aside from this, however, we are not prepared to say that any of the instructions of which complaint is made are erroneous as applied to the facts in this case.

Streets belong, from side to side, and from end to end, to the public, and any unauthorized use of a street, although not of a permanent character, if so long continued as to be unreasonable, may amount to a nuisance. It is true a street may be used temporarily, and in a reasonable manner, by an adjoining owner for loading and unloading goods, or for depositing building material, and, perhaps, for other purposes, when such use is necessary, but he has no right to appropriate a portion of the highway as a stable yard or a storage place for his drays or wagons when the same are not in use. Elliott's Roads and Streets, *supra;* Beach on Public Corporations, *supra.*

In *Cohen* v. *Mayor, etc., of New York, supra,* Peckham, J., said: "The storing of a wagon in the highway was a nuisance. The primary use of a highway is for the purpose of permitting the passing and repassing of the public, and it is entitled to the unobstructed * * use of the entire width of the highway for that purpose, under temporary exceptions as to deposits for building purposes, and to load and unload wagons, and receive and take away property for or in the interest of the owner of the adjoining premises, which it is not now necessary to more specifically enumerate * * * It is no answer to the charge of nuisance that, even with the obstruction in the highway, there is still room for two or more wagons to pass, nor that the obstruction itself is not a fixture. If it be permanently, or even habitually in the highway, it is a nuisance. The highway may be a convenient place for the owner of the carriages to keep them in, but the law, looking to the convenience of the greater number, prohibits any such use of the public streets. * *

Familiar as the law is on this subject, it is too frequently disregarded or lost sight of.''

Our attention has not been called to any error that would justify the reversal of the judgment of the court below.

Judgment affirmed.

Filed Jan. 12, 1894.