Filed April 21, 1896.

---

No. 1,969.

## The Plano Manufacturing Co. v. Kesler.

CONTRACT.—*Consideration.*—*Harvesting Machine.*—*Purchase-price.*
—The purchaser of a harvesting machine having refused to pay the purchase-price therefor, on account of the machine having failed to do good work, and, in order to induce the buyer to pay the purchase-price, the seller promised to make the machine do good work in the next harvest, or, upon failure to do so, to furnish him with another machine which would do good work, the payment of the purchase-price, under such conditions, was sufficient consideration for the second contract to make the machine do good work or furnish one which would do good work.

The Plano Manufacturing Co. v. Kesler.

SAME.—*Breach of.*—*Damages.*—Where the seller of a harvester, in order to induce the buyer to pay the purchase-price, promised to make the machine do good work, or upon failure so to do, to furnish him with another good machine, the buyer, upon breach of such contract, is entitled to recover the value of the machine from the seller.

SAME.—*Notice.*—*Harvesting Machine.*—Where one bought a harvester in June, 1891, and, upon testing it, found that it did not do good work, and refused to pay the purchase-price therefor, and the seller, in order to induce the buyer to pay the purchase-price, promised to make the machine do good work or furnish another good machine, and it was stipulated, as a part of such agreement, that the buyer should give the seller at least two days' notice before he wished to start the machine, but before the buyer was ready to start the machine the seller sent agents and experts to the buyer's premises to correct and repair the defects in the machine, and, after making, as they claimed, the necessary repairs, informed the buyer that the machine was all right and would do good work, no reason existed for giving notice before the machine was tried, and the buyer having tested the machine at the beginning of the next harvest, and upon finding the machine still insufficient, notified the agent of the seller, he did all that was required of him.

SPECIAL VERDICT.—*Amount of Recovery.*—In an action on breach of contract to furnish plaintiff another harvester, on failure to make the first one do good work, a finding that the machine to which plaintiff was entitled and which defendant failed to furnish was worth $135, is a sufficient assessment of the amount of recovery.

APPELLATE PROCEDURE.—*Joint Assignment of Errors.*—Under a joint assignment of errors that the court erred in refusing to give two instructions offered by appellant, the assignment must fail unless both instructions should have been given.

SAME.—*Failure to Argue an Assigned Error.*—*Waiver.*—The failure to argue the sufficiency of an instruction refused and included in the assignment of errors, amounts to waiver of the error, if any, as to such instruction.

From the Fulton Circuit Court.

*E. Myers* and *I. Conner,* for appellant.

*M. L. Essick,* for appellee.

DAVIS, J.—The facts out of which this controversy arises—alleged in appellee's complaint, found by the

jury in their verdict and sustained by the evidence—are substantially as follows:

In June, 1891, appellee purchased of appellant a Plano harvester, for which he agreed to pay $135.00. The machine failed to do good work in the harvest of 1891, and appellee refused to pay for it. In order to induce him to pay the purchase-price for the machine, appellant agreed in writing, on October 1, 1891, "that if in the harvest of 1892 the harvester cannot be made to do as good work as any other machine we are to furnish him with another machine that will." It was also stipulated in the agreement that appellee should give appellant "notice when he wants to start the machine at least two days before." Afterwards, in May, 1892, appellant sent agents and experts to the premises of appellee to correct and repair the defects in the machine. They made, as they claimed, the necessary repairs, and when they left the machine they informed appellee that the machine was all right and would do good work. When appellee commenced his harvest in 1892 he found that the machine was not all right, and that it would not do good work; and immediately informed the agent of appellant of such fact. No attention was paid to this notice, during the harvest of 1892, by appellant. Afterwards appellant made some effort to repair the defects in the machine, but it never could be made to do good work. Appellee abandoned the machine as worthless, and on several occasions asked appellant for a machine that would do good work, but appellant never furnished him another machine. A good machine in 1892 was worth $135.00.

The verdict of the jury was framed and returned in accordance with the provision of the act of March 11, 1895. Acts 1895, p. 248.

The complaint was not tested by demurrer in the court below.

The first error discussed by counsel for appellant is that the complaint does not state facts sufficient to constitute a cause of action.

One objection to the complaint, argued by counsel, is that the October contract was without consideration, and another objection is that in any event the complaint is not good for the recovery of damages.

The complaint, in our opinion, is good when attacked for the first time after verdict. *Lockhart* v. *Schlotterback*, 12 Ind. App. 683; *Town of Ladoga* v. *Linn*, 9 Ind. App. 15 ; *Dotson* v. *Dotson*, 13 Ind. App. 436; *Brigham* v. *Dewald*, 7 Ind. App. 115.

The payment in October, by appellee, of the purchase-price of the machine bought in June was, under the circumstances, a sufficient consideration for the promise of appellant to furnish appellee a good machine if the one he had could not be made to do good work.   Appellant had the right, instead of making the new agreement, to stand on the contract made in June, but appellant was evidently of the opinion, on October 1, that the agreement then made was, under the circumstances, of greater value to it than standing on the June contract.   Whether appellee could have defeated the June contract on the ground that the machine was defective and would not do good work, we are not required to determine.   In view of the fact that appellant preferred the October contract and the money then paid, to standing on its rights under the June contract, no reason has been suggested that would justify this court in holding that the October contract was "wholly without consideration."   It is clear that appellee paid appellant at that time $135.00 on the strength of the agreement

of appellant therein contained. *Coyner* v. *Lynde*, 10 Ind. 282; *Barnett* v. *Stevens* (Ind. App.), 45 N. E. Rep. 485, and authorities there cited.

It is true the October contract provides for the furnishing of another machine to appellee, and contains no promise to pay money, but on failure of appellant to furnish the machine the appellee had the right to recover its value. The theory of the complaint is to recover judgment for the value of the machine, and not to recover the machine. In other words, the measure of damages for appellant's breach of the contract is the value of the machine, which appellant agreed but failed to furnish.

It is next urged that appellee was not entitled to judgment for $135.00 on the verdict, because the jury failed to assess the amount of the recovery.

The jury found, among the other essential facts, that the machine to which appellee was entitled and which appellant failed to furnish him was worth $135.00.

The rule applicable in such cases, as we undertand it, is that when specific facts are stated in the verdict, clearly enabling the court to fix the amount of the recovery, the appropriate judgment may be entered thereon. *Branson* v. *Studebaker*, 133 Ind. 147, 163.

The jury in this case determined the amount the appellee was entitled to recover, if anything. *Johnson* v. *Bucklen*, 9 Ind. App. 154, 160.

The jury did assess the amount of the recovery. No assessment of the amount was made by the court. *Wetzel, Admr.,* v. *Kellar*, 12 Ind. App. 75; *Thornburg, Admr.,* v. *Buck*, 13 Ind. App. 446.

The court determined who was entitled to recover, but the jury clearly determined the amount.

The next error discussed is that the court erred in overruling appellant's motion for a new trial. The first reason assigned in the motion for a new trial is

that "the court erred in refusing to give instructions numbered one and two, offered by the defendants."

This is a joint assignment, and can only be sustained by showing that both assignments are erroneous. *American Fire Insurance Co.* v. *Sisk*, 9 Ind. App. 305 ; *Buchart* v. *Ell*, 9 Ind. App. 353 ; *Eddingfield* v. *State, ex rel.*, 12 Ind. App. 312; *Town of Ladoga* v. *Linn, supra.*

No argument has been made in support of the proposition that the court erred in refusing to give the second instruction.

Under the circumstances, there was no error in refusing to charge the jury, as requested in the first instruction, that the giving of notice by appellee to appellant, at least two days before he started the machine in the harvest of 1892, was a condition precedent to his right to call on appellant for a new machine.

If appellant had not, after October, 1891, and before harvest in 1892, repaired the machine and informed appellee that it was all right and would do good work, appellee would not have been entitled to call on appellant for a new machine, unless he had given notice to appellant when he expected to start the machine, at least two days before entering upon his harvest in 1892, but when in May appellant attempted to repair the machine and informed appellee it was all right and would do good work, and he thereafter, as soon as he commenced his harvest, notified appellant's agent that the machine would not do good work, to which notice appellant paid no attention during that harvest, appellant is not in a position to say that appellee lost his right to another machine because the notice given was not technically in strict compliance with the letter of the contract. When the repairs were made in May, 1892, and the assurances were then given appellee by appellant that the ma-

chine was all right and would do good work, no reason existed for giving appellant another notice before the machine was tried. As soon as it was found that the machine would not work, the notice was given, and appellant afterwards tried to make the machine work in the harvest of 1893, and perhaps also in 1894, and failed.

The evidence shows a substantial compliance with the spirit of the agreement, if not a strict compliance with its letter, and in any event there was no error in refusing to give the first instruction.

Counsel insist that the court erred in submitting certain interrogatories to the jury, but it is not shown that any objection was made in the court below to the submission of the interrogatories in question to the the jury. Assuming, however, that the question is before us, the value of the machine which appellant agreed to give appellee if the other could not be made to work, was a material question. Therefore, there was no error in this ruling.

The next question discussed is that the verdict of the jury is not sustained by sufficient evidence.

If we are correct in the view we have taken on the other questions discussed, the evidence is sufficient to sustain the verdict.

We find no reversible error in the record.

Judgment affirmed.

Filed April 21, 1896.