## MEYERS *v.* EMERSON ET AL.

[No. 17,681. Filed March 17, 1948. Rehearing denied April 13, 1948. Transfer denied October 5, 1948.]

*T. Morton McDonald* and *Douglas H. McDonald,* both of Princeton, attorneys for appellant.

*George F. Zimmerman,* of Evansville, attorney for appellees.

ROYSE, J.—This appeal questions the validity of a deed to certain real estate in Posey County from William T. Boyce, deceased, to the appellee Estel Emerson. The facts out of which this controversy arose, as shown by the record, may be summarized as follows: Decedent died on the 17th day of March, 1943. Appellant is the illegitimate son of decedent. On or about September 12, 1927, decedent made his last will, by the terms of which he bequeathed all of his property to appellant. On or about February 16, 1943, decedent conveyed the real estate involved in this action to said appellee. The deed provided, in part, as follows:

"(It is stipulated in this transfer that Estel Emerson is to care for the said William T. Boyce during the remainder of his natural life (including

his living expenses, taxes, lights, insurance and other minor incidentals).

"It is understood and agreed that the grantor is to reserve the rights and uses of described property during his natural life."

The will was probated before the Clerk of the Circuit Court of Posey County on the 16th day of February, 1945. On the 23rd day of March, 1945, appellant, as executor of said will and as sole heir and legatee, served on appellee Estel Emerson his disaffirmance of said deed. Subsequently, appellant brought this action against appellees. The cause was tried on five paragraphs of complaint. The first alleges appellant is the owner in fee simple of the real estate and seeks possession and damages for unlawful possession. The second alleges a fee simple title and seeks to quiet appellant's title to said real estate. The third alleges decedent was sick, infirm and mentally incompetent to transact any business; that the appellees knew this and unduly influenced and coerced decedent into making said deed; that the execution of said deed was not the free and voluntary act of decedent. After appellees had answered the foregoing paragraphs of complaint appellant filed a fourth and fifth paragraph of complaint, the fourth being in ejectment, and the fifth alleging appellant is the owner in fee simple by complete equitable title and seeking to quiet his title to said property. Appellees' answer denied the allegations of these paragraphs of complaint. Trial to the court resulted in finding and judgment in favor of appellees.

The error assigned here is the overruling of appellant's motion for a new trial. The question presented by that motion is that the decision of the trial court is contrary to law.

Appellant had the burden of proving the issues presented by his complaint. This burden never shifts. The burden of going forward with the evidence may shift during the trial. *Daugherty* v. *Daugherty* (1947), *ante,* p. 141, 75 N. E. 2d 427, and authorities there cited.

Appellant contends under all of the evidence in this case he was entitled to relief which was denied him by the decision of the trial court. He asserts here the following reasons in support of his contention: 1. It was stipulated decedent acquired the property in question by deed on February 26, 1936, and remained in possession of it until his death; that the will of decedent duly admitted to probate named appellant as decedent's sole legatee and devisee; that this established a prima facie case for appellant and cast the burden on appellees of showing a better title in themselves; that appellees did not discharge this burden. 2. That there was no evidence of the delivery of a deed from decedent to appellee Estel Emerson. 3. The deed on which appellee Estel Emerson relies is not in accord with the wish of the grantor. 4. Fraud and undue influence coupled with physical and mental impairment; the procurement of the deed for a grossly inadequate consideration which left the grantor penniless.

We have carefully examined the record in this case in reference to these questions. From such examination we cannot say the evidence leads inescapably to the conclusion appellant was entitled to relief which was denied him by the decision of the trial court. Therefore, the judgment of the Posey Circuit Court is affirmed.

Note.—Reported in 77 N. E. 2d 902.