CALUMET MOTOR SALES OF HAMMOND, INC. *v.* M. F. COOPER BUILDERS, INC.

[No. 20,279. Filed November 22, 1966. Rehearing denied December 27, 1966. Transfer denied April 13, 1967, without opinion.]

*Owen W. Crumpacker, Harold Abrahamson,* and *Crumpacker & Abrahamson,* all of Hammond, for appellant.

*Eugene M. Feingold,* of Hammond, for appellee.

FAULCONER, J.—This is an appeal from a judgment recovered by appellee in a suit for breach of contract. The overruling of appellant's motion for new trial is the sole error assigned. The motion for new trial specified that 1) the finding of the court is not sustained by sufficient evidence; 2) the decision of the court is not sustained by sufficient evidence; 3) the finding of the court is contrary to law; 4) the decision of the court is contrary to law; and 5) error in the assessment of the amount of recovery in this, the amount is too large.

On or about September 23, 1961, appellee's president negotiated the purchase of a new 1962 Lincoln Continental automobile with one of appellant's salesmen. A form of "Retail Buyer's Order" was filled out providing for the purchase price of approximately $6,800, to be paid by an allowance of $4,000 for a 1960 Lincoln automobile owned and to be traded in by appellee upon delivery of the 1962 Lincoln Continental. A deposit of $200 was paid by appellee to appellant in the form of a check at the time the contract was made. The 1962 Lincoln Continental automobile was never delivered. The 1960 Lincoln automobile was thereafter sold by appellee, at auction, for $1,838, and this action commenced.

Trial was to the court, without the intervention of a jury, and after a finding for plaintiff-appellee judgment was entered for $2,362.

Appellant's defense at the trial, and its contention on appeal, is that there is no evidence of a contract in that there is no evidence of an acceptance by appellant. In support of this proposition appellant relies upon the "Retail Buyer's Order" and points out that it provides, in part, "This order is not binding on dealer until accepted by dealer in writing"; and, "Must be accepted by an authorized representative of the dealer." The latter appears under the line designated "Accepted."

The trial court by its general decision for plaintiff-appellee found that there was a contract. Therefore, the only question presented on appeal is the sufficiency of the evidence to support the decision of the trial court.

The evidence on the elements of the contract are conflicting. The appellee's president was the only witness testifying for plaintiff, and the president of appellant was the only witness testifying for the defendant. We are of the opinion the evidence most favorable to the appellee and the legitimate inferences therefrom are sufficient to support the decision of the trial court.

The evidence tending to support a finding of acceptance—the only element in contention—by appellant, to which we are confined on appeal, shows that after appellee's president completed the transaction the salesman gave the document and appellee's check to appellant's president who was at the scene; that appellee's president inquired of the salesman concerning the 1962 Lincoln Continental automobile, and also inquired of appellant's president on several occasions after signing the Retail Buyer's Order on September 23, 1961, either by telephone or in person at appellant's place of business; that the response of appellant's salesman and president was that they didn't have the delivery date; that appellee learned after November 25, 1961, that the automobile had already arrived and had been disposed of; that early in December, 1961, in a conversation with appellant's president appellee was advised

by him that appellee was "not going to receive delivery"; and that after this conversation appellee disposed of the 1960 Lincoln automobile on or about December 7, 1961. The evidence further shows that sometime in November, 1961, appellee inquired of the Lincoln-Mercury Division of the Ford Motor Company and was informed that under a certain production number a car was being built for M. F. Cooper Builders through Calumet Motors. There was evidence that the check for $200 was endorsed by appellant and deposited in its account, and that no offer to return such check was made. The alleged contract shows the word "House" written after the printed word "Salesman," and there is evidence that this word was written by appellant's salesman with whom appellee dealt, and this meant there was no salesman's commission as this salesman was on salary.

The evidence and circumstances surrounding this transaction—although the evidence is denied or contradicted by appellant's witness—is certainly sufficient, in our opinion, to sustain the finding of the trial court that there was a binding contract. The trial court was justified in finding that by the conduct of appellant's president, in receiving the document, he knew of the deal made by his salesman, and this, in addition to his conduct from September 23 to December 7, 1961, was sufficient evidence to support the finding of acceptance by appellant of the contract.

> "The manifestation or expression of assent necessary to form a contract may be by word, act, or conduct which evinces the intention of the parties to contract." 17 Am. Jur. 2d, Contracts, § 20, p. 356.

Appellant next argues that there is no evidence of value to support the judgment of damages. With this contention we cannot agree. There is evidence in the record to show, or from which the trial court could infer, at the time of the breach of contract, that the market or current price of the 1962 Lincoln Continental automobile was $6,800, and that the

market or current price of appellee's 1960 Lincoln automobile was $1,838. The contract price was $6,800 for the 1962 Lincoln Continental automobile, and $4,000 for the 1960 Lincoln automobile. The difference, therefore, between the contract price and the market price was found to be $2,162, to which sum the court added the $200 deposit in arriving at is judgment.

On appeal we are only concerned with whether there is sufficient evidence to support the findings of the trial court. We are not concerned with whether there could have been more or better evidence. Once plaintiff-appellee introduced evidence to establish the essential elements of his cause of action, the burden of going forward then shifted to the defendant-appellant to introduce evidence if, in its opinion, the evidence produced by appellee was not correct.

In our opinion the damages are not excessive as contended by appellant in light of the law in Indiana on that issue.

Finding no reversible error, the judgment is affirmed.

Carson, J., concurs.

Wickens, P. J., concurs with opinion.

Prime, J., dissents without opinion.

(CONCURRING OPINION.)

WICKENS, P. J.—While I concur completely with the majority opinion, there is a facet of this case which calls for additional consideration.

Appellant avers there "was a total failure of proof in the trial court on the question of damages apart from the $200.00 deposit." In effect, he says there was nothing to show that appellee was damaged by the breach of the contract.

This poses the problem of determining what proof is required to establish damage by breach of the particular contract involved here.

The contract in question is not the same as an agreement of outright purchase for cash. For failure to deliver the property purchased as agreed, in an outright purchase case, the plaintiff may recover the enhanced cost of procuring the property elsewhere. *Vickery, et al.* v. *McCormick* (1889), 117 Ind. 594, 598, 20 N. E. 495; *The Piano Manufacturing Co.* v. *Kesler* (1896), 15 Ind. App. 110, 114, 43 N. E. 925.

By this agreement the appellee had two purposes or possible advantages. He was disposing of his old car for the equivalent of $4,000. He was also obtaining a desired new car for a difference of $2,162.

So here the plaintiff-appellee might have procured a 1962 Lincoln Continental automobile elsewhere and maintained this suit for the enhanced cost. That hypothesis assumes a willing dealer who would also be willing to accept appellee's 1960 Lincoln automobile as part of the consideration.

There appears to be no authority in Indiana holding that plaintiff must make an effort to obtain a like agreement in order to establish damage or as a condition precedent to suit.

Where a contract involved personal services, the rule requires the non-defaulting party to be charged with such sums as are earned or by reasonable diligence might have been earned elsewhere. 9 I.L.E., *Damages,* § 131, p. 289.

However, in actions for breach of contracts other than those for personal services, the wronged party is entitled to be put in the same financial position that he would have been in had there been no breach. 22 Am. Jur., 2d *Damages,* §§ 46, 47, pp. 73, 74. 9 I.L.E., *Damages,* § 126, p. 382.

The appellee was entitled as damage to recover his actual loss in disposing of his used car. He elected not to claim or prove any damage by reason of inability to obtain a 1962 Lincoln automobile for $6,800.

Without attemping to say that this was the only way appellee might proceed in event of breach, I would hold that the proof was sufficient to show appellee's financial loss on that

aspect of the contract which apparently advantageously disposed of appellee's old car. Had he desired to show damage in his inability to obtain the new car he wanted at the agreed price, that course would also have been opened to him. Nor would I deprive appellant from the right to prove the damages were less than claimed by evidence that the identical provisions of the contract were available for a like or similar exchange at other sources. No effort was made by appellant to so minimize the damage.

I join in affirmance of the judgment.

NOTE.—Reported in 221 N. E. 2d 438.