Rocky CAMPBELL, Jesse Parker, Marilyn Johnson and Carolyn Willis, Appellant–Plaintiffs,

v.

CRITERION GROUP, El Dee Apartments, and Criterion Construction, Appellee–Defendants.

No. 29A02–9103–CV–140.

Court of Appeals of Indiana, First District.

Sept. 15, 1993.

Alan K. Mills and Lester H. Cohen, Barnes & Thornburg, Indianapolis, for appellant.

Michael E. Simmons, Andrea R. Reed, Hume, Smith, Geddes & Green, and Dean T. Barnhard and Michael S. Wallack, Klineman, Rose, Wolf & Wallack, Indianapolis, for appellee.

## ON PETITION FOR REHEARING

BAKER, Judge.

In *Campbell v. Criterion Group* (1993), Ind.App., 613 N.E.2d 423, (*Campbell III*),[1] we considered the trial court's grant of summary judgment against plaintiffs-appellants Rocky Campbell, Jessie Parker, and Marilyn Johnson on their negligence and conversion claims against each of the three defendants-appellees, El Dee Apartments, Criterion Group, and Criterion Construction. After refusing to accept the deposition testimony submitted by Campbell, Parker, and Johnson, the trial court entered summary judgment against them because they failed to meet their burden of refuting El Dee's, Criterion Group's, and Criterion Construction's prima facie showing of the lack of a genuine issue of material fact and entitlement to judgment as a matter of law.

After determining the trial court wrongly failed to consider the tendered depositions, we observed only Campbell's deposition was available for our examination. In the end, we:

1) affirmed summary judgment against Parker and Johnson on their negligence and conversion claims against El Dee Apartments, Criterion Group, and Criterion Construction;

2) affirmed summary judgment against Campbell on his negligence and conversion claims against Criterion Construction;

3) affirmed summary judgment against Campbell on his conversion claims against El Dee and Criterion Group; and,

4) reversed summary judgment against Campbell on his negligence claims against El Dee and Criterion Group.

Thus, the net effect was to remand for trial only on Campbell's negligence claims against El Dee and Criterion Group.

Parker and Johnson seek a rehearing on the outcome of their negligence claims against El Dee, Criterion Group,[2] and Criterion Construction. Campbell, Parker, and Johnson seek a rehearing on the outcome of their conversion claims against El Dee and Criterion Group.[3] We grant their petitions for rehearing.

1. In *Campbell v. Criterion Group* (1992), Ind. App., 588 N.E.2d 511, (*Campbell I*), we held indigent civil appellants were entitled to records of proceedings prepared without cost to them. In *Campbell v. Criterion Group* (1992), Ind., 605 N.E.2d 150 (*Campbell II*), our supreme court agreed indigent civil appellants had the right to appeal and that they were entitled to special— but not unlimited—accommodation with respect to the creation of records of proceedings.

2. We note Criterion Group argues no such entity "Criterion Group" exists but admits "Criterion Property Management, Inc." (CPM) is the management company for El Dee. Because this was not designated as one of the summary judgment arguments, the issue is not properly before us. For clarity, we continue to refer to CPM as Criterion Group.

3. In *Campbell III,* we also affirmed the dismissal of plaintiff-appellant Carolyn Willis's negligence and conversion claims against all three defendants-appellees. Willis has not petitioned for rehearing.

In *Campbell III*, we found it was ironic that the depositions so heavily and exclusively relied upon to oppose the summary judgment motion were not transmitted to us. The real irony is that Campbell, Parker, and Johnson had requested that they be transmitted to us in a supplemental record—we simply overlooked their motion.[4] We hope the parties will accept a humble apology for the oversight. Having received the excluded depositions, we must now determine whether they raise genuine issues of material fact so as to render the entry of summary judgment inappropriate.

## I.   Standard of Review

As the reviewing court, we consider the same issues the trial court faced, and we apply the same legal analysis. *Oelling v. Rao* (1992), Ind., 593 N.E.2d 189, 190. However, we are not free to search the entire record to support the trial court's judgment. Ind.Trial Rule 56(C) permits review only of the issues and materials the parties specifically designated to the trial court. *Inland Steel v. Pequignot* (1993), Ind.App., 608 N.E.2d 1378, 1381, *trans. denied.*

## II.   Release

El Dee, Criterion Group, and Criterion Construction sought summary judgment on Parker's and Johnson's conversion and negligence actions claiming Parker and Johnson released them from any liability. They presented general releases Parker and Johnson signed which relieved El Dee, Criterion Group, and their agents from any personal injury liability arising from entry into the damaged apartments *and* from any liability for property loss. Opposing the summary judgment motion, Parker and Johnson alleged the general releases were obtained by fraudulent misrepresentation and were signed under economic duress.[5] The trial court entered summary judgment in favor of El Dee and Criterion Group on all the claims. The trial court neglected to enter summary judgment regarding Criterion Construction.

The trial court did not consider the depositions when it entered summary judgment. After reviewing the depositions, we find summary judgment was improper, because Parker and Johnson raised genuine issues of material fact as to whether they were induced by fraudulent misrepresentations or economic duress to sign the releases. The issues of whether a party to a contract made misrepresentations to induce the other to enter the contract and whether the latter relied on the alleged misrepresentations, are questions of fact which should be submitted to the jury where the evidence on such questions is in conflict. *City of Indianapolis v. Twin Lakes Enterprises, Inc.* (1991), Ind.App., 568 N.E.2d 1073, 1079, *trans. denied.* A release may be avoided if procured by fraud or false and fraudulent misrepresentations. *Vandalia Coal Co. v. Alsopp* (1915), 61 Ind.App. 649, 657, 109 N.E. 421; *see Indiana Insurance Co. v. Handlon* (1940), 216 Ind. 442, 446, 24 N.E.2d 1003 (issue of fraud to negate a release is a question for the fact-finder).

Parker and Johnson claim they made several attempts to gain access to the apartments to get their belongings, but were refused entry. They assert a security guard informed them they could not enter the premises unless they signed a release. Johnson stated the guard indicated the release was to protect El Dee and Criterion Group from liability for personal injury only. El Dee provided the affidavit of its

---

4. On May 28, 1992, the appellants-petitioners filed a praecipe for a supplemental record comprised of the depositions. The trial court refused. On July 2, 1992, the appellants-petitioners filed a petition for a writ ordering the trial court to certify the depositions for a supplemental record. The writ of certiorari was granted on June 14, 1993. The trial court promptly complied with the writ, and filed the supplemental record containing the depositions was filed on June 17, 1993.

5. Although the parties present arguments concerning federal law and unconscionability to question the validity of the releases, we decline to consider them, because these theories were not raised at the trial court. *See Franklin Bank and Trust Co. v. Mithoefer* (1990), Ind., 563 N.E.2d 551, 553 (party cannot change its theory on appeal); T.R. 56(C).

property manager, Lorraine Quash, to support the motion for summary judgment.[6] Even Quash admitted that tenants needed prior approval from the management office before entering the damaged apartment, and that tenants were permitted to enter the building only if they signed a general release.

Parker and Johnson have raised genuine issues of material fact as to the validity of the general releases. Therefore, we find the trial court improperly entered summary judgment on their claims based on the releases. We next consider the negligence and conversion claims separately to determine whether Johnson, Parker, and Campbell presented prima facie cases to preclude summary judgment.

### III. Negligence

#### A. Criterion Construction

■ We first dispose of Parker and Johnson's negligence claims against Criterion Construction for the same reasons cited in *Campbell III* in affirming summary judgment in Criterion Construction's favor against Campbell.[7] *Campbell III, supra,* at 432.

We have reviewed their petition for rehearing and their depositions, and neither Parker nor Johnson has presented a genuine issue of material fact regarding Criterion Construction's negligence. Parker's deposition reflects only that he observed the apartments were under construction in April 1987 when he attempted to get his possessions. Campbell's deposition testimony corroborated that Criterion Construction was reconstructing the apartments. The undisputed facts remain, though, that Criterion Construction did not negligently or intentionally injure any tenant's property and that Criterion Construction cannot be held accountable for El Dee's or Criterion Group's wrongful acts or omissions on agency grounds. Parker and Johnson have

failed to show a prima facie case of negligence by Criterion Construction, which is thereby entitled to summary judgment as a matter of law. Thus, we affirm summary judgment in Criterion Construction's favor on Parker and Johnson's negligence claims.

#### B. Criterion Group and El Dee

■ To survive summary judgment on their negligence claims against El Dee and Criterion Group, Parker and Johnson must present admissible evidence that a duty existed, a breach of the duty occurred, and the breach proximately caused their injury. *See Dickison v. Hargitt* (1993), Ind.App. 611 N.E.2d 691.

In *Campbell III*, we held that Campbell met his burden by showing El Dee and Criterion Group assumed a duty to protect the property within the apartments, breached that duty, and caused injury. *Campbell III, supra,* at 431. Specifically, Campbell showed he was a social guest owed the same duty as a tenant, that El Dee and Criterion Group hired a guard to protect the tenants' property, that the guard refused him access to his property, and that the property was removed without his consent. *Id.*

■ Likewise, Parker and Johnson have made a prima facie showing of duty, breach, and causation and have established an existence of genuine issues of material fact. Upon consideration of the depositions collectively, Parker and Johnson have provided prima facie evidence that they were El Dee tenants, that El Dee and Criterion Group assumed a duty to protect their property at El Dee by hiring a security guard, that the duty was breached when the property was not returned, and in fact, disappeared, and the tenants suffered injury from the breach. Notably, El Dee and Criterion Group presented Quash's statements to contradict Parker and Johnson's claims. Quash averred that she informed

---

**6.** We do not consider whether the affidavit was defective, because the issue of defectiveness was not presented to the trial court. T.R. 56(C); *W & W Equipment Co., v. Mink* (1991), Ind.App., 568 N.E.2d 564, 574, *trans. denied* (appellate court will not hear issues raised for the first time on appeal).

**7.** In their petition for rehearing, Parker and Johnson did not dispute summary judgment in favor of Criterion Construction on their conversion claims.

the tenants to contact the management office to arrange to retrieve their property, that no tenant was denied access, and that none of El Dee or Criterion Group's employees or agents removed the tenants' property. Because El Dee and Criterion Group failed to sustain its burden of showing no genuine issues of material fact existed to negate the negligence claims, they were not entitled to summary judgment. We reverse the trial court's entry of summary judgment on Parker's and Johnson's negligence claims against El Dee and Criterion Group.

## IV. Conversion

■ Parker and Johnson next contend summary judgment regarding their conversion claims against El Dee and Criterion Group was erroneous. Relying upon the addition to the record of the previously excluded depositions, Campbell reasserts his conversion claims against El Dee and Criterion Group. A prima facie case of conversion requires demonstration that the tortfeasor appropriated another's personal property for the tortfeasor's own use and benefit, in exclusion and defiance of the owner's rights, and under an inconsistent claim of title. *Indiana & Michigan Electric Co. v. Terre Haute Industries* (1987), Ind.App., 507 N.E.2d 588, 610, *trans. denied*, Ind., 525 N.E.2d 1247 (1988). Campbell, Parker, and Johnson specifically argue that El Dee and Criterion Group, as bailees of their personal property, converted it when they refused to return the property soon after the fire. *See* 4 I.L.E. *Bailment* § 9 (1958) (conversion by a bailee may be committed by acts in derogation of the bailor's possessory rights).

■ Campbell and Parker returned to the apartments to retrieve some items, but were confronted by a security guard who refused them entry. When Campbell asked to speak with the landlord, the security guard stated he was acting on behalf of the landlord. Similarly, Johnson contends she made several visits to attempt to enter her apartment to get some of her property. The apartments were boarded up, and a security guard could not tell her when she would be able to get her things. Within a month of the fire, Johnson called the El Dee office and was told that she might be able to get in her apartment. When she arrived at El Dee, a security guard refused to let her enter her apartment without first signing the release. The guard informed her the release made her responsible for her own safety while on the property, and that she had only a couple of hours that day to retrieve some of her property.

In Norma Downs' deposition, she related her conversation with Norma Brown, an El Dee employee. Brown informed Downs that she would be notified when she could remove her furniture. In September, Downs spoke to Quash in the El Dee office about retrieving her property. Quash told her not to worry because El Dee was saving all of the property in the apartments and that arrangements for picking up the property would be made. However, no one ever contacted Downs.

We conclude that the depositions raise issues of material fact as to whether El Dee and Criterion Group converted Campbell's, Johnson's, and Parker's property. Summary judgment was inappropriate.

## V. Conclusion

In summary, Parker and Johnson have raised genuine issues of material fact as to the validity of the general releases. Thus, summary judgment on Parker's and Johnson's claims was improper based on the releases. In addition, the depositions raise issues of material fact as to whether El Dee and Criterion Group were negligent or converted Campbell's, Johnson's, and Parker's property.

Parker and Johnson, though, did not present genuine issues of material fact regarding Criterion Construction's negligence. Summary judgment in favor of Criterion Construction is appropriate. On remand, Campbell's, Johnson's, and Parker's negligence and conversion claims against El Dee and Criterion Group remain for consideration. Also, the the factfinder must address the release defense. We re-

mand to the trial court for further proceedings consistent with this opinion.

Rehearing Granted.

SHIELDS and SULLIVAN, JJ. concur.