Rocky **CAMPBELL** and Jesse **Parker,** Appellants–Plaintiffs,

v.

**EL DEE APARTMENTS** and Criterion Group, Appellees–Defendants.

No. 29A05–9710–CV–452.

Court of Appeals of Indiana.

Nov. 12, 1998.

---

Joseph J. Reiswerg, Bryan S. Redding, Mantel, Cohen, Garelick, Reiswerg & Fishman, Indianapolis, for Appellants–Plaintiffs.

Michael E. Simmons, Hume Smith Geddes Green & Simmons, LLP, Indianapolis, for Appellees–Defendants.

## OPINION

RUCKER, Judge.

After pending for years this case finally proceeded to trial in the Hamilton County Circuit Court. During the course of proceedings Appellant Jesse Parker died. On the first day of trial Appellant Rocky Campbell moved to substitute himself as the administrator of the Parker estate. The trial court denied the motion and dismissed Parker from this action. Over the next two days Campbell presented his case and then rested. Appellees El Dee Apartments and Criterion Group (collectively "Criterion") moved for judgment on the evidence which the trial court granted. Campbell now appeals raising five issues for our review. We address the following restated issues: (1) Did the trial court err in granting Criterion's motion for judgment on the evidence, (2) Did the trial court err in denying Campbell's motion for substitution, and (3) Did the trial court err in denying Campbell's motion for sanctions and attorney fees.

We affirm in part and reverse in part.

## BACKGROUND AND PROCEDURAL HISTORY[1]

In August 1986 children playing with matches started a fire that destroyed much of the federally-subsidized El Dee apartments on East 12th Street in Indianapolis. El Dee Apartments was the landlord and Criterion Group was the property manager. El Dee and Criterion Group believed the apartments were unsafe. As a result they refused to allow the residents to re-enter their damaged apartments until the residents signed general releases relieving El Dee and Criterion Group from any liability occasioned by the re-entry. The residents signed the releases, entered their apartments, and discovered their personal property was not just damaged, but missing entirely. On August 29, 1989, Rocky Campbell, Jesse Parker, Marilyn Johnson, Carolyn Willis, and eleven other plaintiffs filed a complaint against El Dee Apartments, Criterion Group, and Criterion Construction, alleging negligence and conversion. Criterion Construction was responsible for cleaning up after the fire.

The record is not clear regarding the disposition of eleven of the plaintiffs. However no issues have been raised concerning them, and they have not been named as parties in this appeal. The record does show that plaintiff Johnson settled her case with the defendants, and plaintiff Willis agreed to be dismissed from this action. Thus the plaintiffs left remaining are Rocky Campbell and Jesse Parker (collectively "Campbell"). Also, during the course of these proceedings defendant Criterion Construction was dis-

---

1. Much of the background information is set forth in *Campbell v. Criterion Group*, 613 N.E.2d 423 (Ind.Ct.App.1993), (*Campbell III* ), one of the several appeals this case has generated. *See also Campbell v. Criterion Group*, 588 N.E.2d 511 (Ind.Ct.App.1992), *trans. granted* (*Campbell I* ) (holding that indigent civil appellants are entitled to record of proceedings prepared without cost to them); *Campbell v. Criterion Group*, 605 N.E.2d 150 (Ind.1992) (*Campbell II* ) (holding that indigent appellants have the right to appeal and are entitled to special-but not unlimited-accommodation with respect to the creation of the record of proceedings); *Campbell v. Criterion Group*, 621 N.E.2d 342 (Ind.Ct.App.1993) (*Campbell IV* ) (holding summary judgment in favor of co-defendant Criterion Construction properly entered; however plaintiffs' negligence and conversion claims against El Dee and Criterion group remain for consideration).

missed after successfully defending a motion for summary judgment granted in its favor. Thus El Dee Apartments and Criterion Group are the remaining defendants.

This case was finally scheduled for trial by jury on May 5, 1997. In the interim on April 23, 1995, Parker died. Apparently Rocky Campbell filed a petition in probate court to be appointed as administrator of Parker's estate. Based on his alleged status, on the first day of trial Rocky Campbell filed a motion with the trial court to substitute himself in this action as administrator of Parker's estate. Apparently the trial court denied the motion and dismissed Parker as a party in this case.

The case proceeded to trial on Campbell's claim of negligence and conversion. He also sought punitive damages on the conversion claim. At the close of Campbell's case in chief Criterion moved for judgment on the evidence on three grounds: (1) Campbell failed to prove the existence of legal entities known as El Dee Apartments and Criterion Group, (2) Campbell presented no evidence showing a conversion of personal property, and (3) Campbell introduced no evidence showing he was entitled to punitive damages. After entertaining arguments of counsel the trial court granted the motion. This appeal followed.

## DISCUSSION

### I.

Campbell first contends the trial court erred in granting Criterion's motion for judgment on the evidence. Criterion counters the trial court properly granted the motion because it was "incumbent upon Campbell to prove at trial that (1) El Dee Apartments and Criterion Group, were, in fact, real entities; and (2) that such entities were responsible for Campbell's property during the time period at issue." Appellee's Brief at 6. According to Criterion Campbell proved neither.

2. Although Criterion has not done so here, it asserted before the trial court and has asserted before this court in the past, that no entity known as "Criterion Group" actually exists. R. at

The purpose of a motion for judgment on the evidence is to test the legal sufficiency of evidence. *Young v. Butts*, 685 N.E.2d 147, 149 (Ind.Ct.App.1997). When the issues tried are not supported by sufficient evidence, the trial court is required to withdraw those issues from the jury and enter judgment on them. *Id.* Our standard for review of a trial court's ruling on a motion for judgment on the evidence is settled. This court is bound by the same standard as the trial court. *Kroger Co. Sav–On Store v. Presnell*, 515 N.E.2d 538, 543 (Ind.Ct.App. 1987), *trans. denied.* We may not substitute our judgment for that of the jury on questions of fact nor should a motion for judgment on the evidence be granted because the evidence preponderates in favor of the moving party. *McQueen v. City of Indianapolis*, 412 N.E.2d 138, 139 (Ind.Ct.App.1980). Rather, we determine only: (a) whether there exists any reasonable evidence supporting the plaintiff's claim, and (b) if such evidence does exist, whether the inference supporting the claim can be drawn without undue speculation. *Dettman v. Sumner*, 474 N.E.2d 100, 104 (Ind.Ct.App.1985).

The foregoing standard of review presupposes of course that the party against whom a motion for judgment on the pleadings is granted had the burden of proof at trial. In this case Criterion asserts that Campbell was required to prove the legal existence of entities known as "El Dee Apartments" and "Criterion Group."[2] We disagree.

It is true that the burden of going forward with the evidence may shift during the course of trial. *Meyers v. Emerson*, 118 Ind.App. 463, 77 N.E.2d 902, 902 (1948); *see also Calumet Motor Sales of Hammond, Inc. v. M.F. Cooper Builders, Inc.*, 140 Ind.App. 624, 221 N.E.2d 438, 441 (1966) ("Once plaintiff-appellee introduced evidence to establish the essential elements of his cause of action, the burden of going forward shifted to defendant-appellant to introduce evidence if, in its opinion, the evidence produced by plaintiff was not correct."). However the initial bur-

1154–55; *Campbell IV*, 621 N.E.2d at 343 n. 2. We find it curious Criterion makes such a claim given that it has been defended under that moniker through nearly ten years of litigation.

den on the plaintiff is merely to prove the material allegations of its complaint by a fair preponderance of the evidence. *Kempf v. Himsel,* 121 Ind.App. 488, 98 N.E.2d 200, 212 (1951). In this case the essential allegations in Campbell's complaint are that El Dee Apartments and Criterion Group were negligent in protecting Campbell's property and wrongfully converted the property. Campbell did not allege the legal status of either El Dee Apartments or Criterion Group nor was he required to do so. "It is not necessary to aver the capacity of a party to sue or be sued ... or the legal existence of an organization that is made a party." Ind. Trial Rule 9(A). Having made no allegation concerning the legal existence of the defendants in this action Campbell was not required to introduce evidence on this point at trial. Rather, "the burden of proving lack of ... legal existence shall be upon the person asserting lack of it, and shall be pleaded as an affirmative defense." *Id.* Here, Criterion did not plead lack of legal existence as an affirmative defense. Rather the assertion was set forth in its answer. Assuming for the sake of argument that the answer was in the nature of an affirmative defense, Criterion still had the burden of proving the assertion. Because Criterion's motion for judgment on the evidence was granted at the close of Campbell's case, obviously Criterion never attempted to carry its burden. It was Criterion's obligation and not that of Campbell to introduce evidence at trial proving El Dee Apartments and Criterion Group lacked legal existence.

We also observe that even if Criterion had introduced evidence at trial proving El Dee Apartments and Criterion Group lacked legal existence, such evidence would not have defeated Campbell's claim. In August of 1990 Campbell amended his complaint to allege in pertinent part:

2. At the time of all events complained of, the Defendants, Criterion Group, *also known as Criterion Property Management, Inc.,* was and continue[s] to be a real estate management agency responsible for the management of the Eldee Apartments in Indianapolis, Marion County, Indiana.

3. At the time of all events complained of, the Defendants, El Dee Apartments, *also known as El Dee I,* owned and operated the apartments located in Indianapolis, Marion County, Indiana and known as El Dee Apartments.

R. at 34–35 (emphasis added). In answer to the complaint, while denying the legal existence of Criterion Group, Criterion did "admit Criterion Property Management, Inc. was the real estate management agency responsible for El Dee Apartments in Indianapolis, Marion County, Indiana as alleged in rhetorical paragraph 2 of Plaintiffs' Amended Complaint for Damages." R. at 47. In further answer to the complaint, Criterion asserted that it "admits and states its proper name to be 'El Dee I, a Limited Partnership', which owned and operated the apartments located in Indianapolis, Marion County, Indiana, and known as El Dee Apartments, as alleged in rhetorical paragraph 3 of Plaintiffs' Amended Complaint For Damages." R. at 48.

 Generally, a person may be designated in a legal proceeding by the name which he is commonly known even though it does not constitute his true name. *Wherry v. Backelman,* 126 Ind.App. 136, 130 N.E.2d 777, 778 (1955). Further, the character in which anyone is made a party to an action is determined from the allegations in the complaint. *State ex rel. Young v. Niblack,* 229 Ind. 596, 99 N.E.2d 839, 841 (1951). It is clear that Campbell identified the proper parties to this action. That Campbell included the names by which the parties are also known is of no moment. It is equally clear that the allegations in Campbell's complaint asserted a cause of action against both EL Dee I, and Criterion Property Management, Inc. the very entities who were defending themselves in court.

 We conclude the trial court erred in granting Criterion's motion for judgment on the evidence on grounds that Campbell failed to prove the legal existence of the two entities. We therefore reverse the judgment of the trial court on this issue and remand for a new trial.[3]

---

3. We acknowledge the trial court's ruling may be

affirmed on any ground supported by the evi-

## II.

Campbell next contends the trial court erred in denying his motion to substitute himself as administrator of the Parker Estate. This issue is waived. On appeal Campbell contends that Jesse Parker died intestate on April 23, 1995, that a Petition for Issuance of Letters of Administration was issued in the Marion County Superior Court, and that Rocky Campbell was designated as the personal representative. Campbell also contends "the trial court based the denial on the fact that the personal representative had not yet been sworn." Brief of Appellants at 16. Other than an unsigned Motion To Substitute Parties filed marked May 5, 1997, there is nothing in the record concerning the motion including arguments of counsel or the trial court's ruling. The record shows only that the motion was filed. Indeed Campbell does not direct this court's attention to any portion of the record in support of his allegation of error. It is the duty of the Appellant to demonstrate reversible error. *Nehi Beverage Co., Inc. v. Petri,* 537 N.E.2d 78, 81 (Ind.Ct.App.1989) *trans. denied.* This court will not sift through a record to locate error so that we might state Appellant's case for him. *Id.*

In a related argument Campbell also complains the trial court erred in dismissing Parker from this case. Campbell lacks standing to raise this issue. The ques-

tion of standing focuses on whether the complaining party is the proper person to invoke the court's power. *Darlage v. Drummond,* 576 N.E.2d 1303, 1308 (Ind.Ct.App.1991). The standing rule bars litigants from asserting the right or legal interests of others in order to obtain relief from injury themselves. *Matter of S.L.,* 599 N.E.2d 227, 229 (Ind.Ct.App.1992). In his personal capacity Campbell may not assert the legal interest of another party to this litigation. Here, only the representative of Parker's estate may assert Parker's interest. As we have already held the issue of whether the trial court erred in failing to substitute Campbell as the representative of Parker's estate has been waived.

## III.

Finally Campbell contends the trial court erred in denying his motion for sanctions and attorney fees. We disagree. The facts giving rise to this issue are as follows: in 1996 the defendants filed a motion for partial summary judgment on the issue of conversion. Subsequently, Campbell filed a motion for sanctions and fees arguing the defendants' motion was groundless because this court had already found that genuine issues of material fact precluded summary judgment on the issue of conversion. *See, Campbell v. Criterion,* 621 N.E.2d 342, 346 (Ind.Ct.App.

dence of record. *Taylor v. State,* 615 N.E.2d 907, 912 (Ind.Ct.App.1993); *City of Indianapolis v. Fields,* 506 N.E.2d 1128, 1130 (Ind.Ct.App.1987); *First Bank of Madison v. Bank of Versailles,* 451 N.E.2d 79, 81 (Ind.Ct.App.1983). Here Criterion presented to the trial court two additional grounds in support of its motion for judgment on the evidence: (i) Campbell presented no evidence showing a conversion of personal property, and (ii) Campbell introduced no evidence showing he was entitled to punitive damages. First, both arguments address only one aspect of Campbell's claim, namely: his complaint for conversion. Campbell also alleged negligence, and Criterion does not contend there was a lack of evidence on this claim. Second, our review of the record shows there was at least some evidence supporting the claims both of negligence and conversion. Also the inferences supporting those claims can be drawn without undue speculation. Hence the trial court's ruling may not be affirmed on these additional grounds. *See Dettman,* 474 N.E.2d at 104.

In passing we note also that on appeal Criterion has abandoned the two additional arguments presented to the trial court. Instead Criterion now argues that Campbell failed to prove that either Criterion Group or El Dee Apartments were *responsible* for Campbell's property. We view Criterion's claim as an argument that no evidence was introduced showing that Criterion owed Campbell a duty of care to protect Campbell's property. For at least two reasons this matter is not properly before us. First, to the extent Criterion presents a new argument for the first time on appeal, it is waived. *Dorothy Edwards Realtors, Inc. v. McAdams,* 525 N.E.2d 1248, 1253 (Ind.Ct.App.1988). Second, the question of duty in a negligence action is one for the court to decide. *Tibbs v. Huber, Hunt & Nichols, Inc.,* 668 N.E.2d 248, 250 (Ind.1996). Where, as here, questions of fact are not intertwined with the legal question of duty there is nothing for the jury to determine. Hence, there was no need to introduce evidence on whether Criterion owed Campbell a duty of care regarding the property.

1993) (*Campbell IV*). The trial court denied Criterion's motion for summary judgment as well as Campbell's motion for sanctions and attorney fees.

 Campbell's motion for attorney fees is based, in part, on Ind.Code § 34–1–32–1 which provides in relevant part:

> (b) In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if it finds that either party:
>
> (1) Brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
>
> . . . .

Whether to award attorney fees is within the trial court's discretion. *Malachowski v. Bank One,* 682 N.E.2d 530, 532 (Ind.1997), *reh'g denied.* In the absence of an affirmative showing of error or abuse of discretion we must affirm the trial court's order. *Id.* During a hearing before the trial court, the defendants asserted a second motion was appropriate due to additional depositions and an amended T.R. 56 which changed evidence designation requirements. Based on these assertions, the trial court was free to conclude the motion was neither frivolous, unreasonable, nor groundless. We agree and conclude the trial court did not err or abuse its discretion.

We also disagree with Campbell's contention that the trial court erred in failing to sanction the defendants' attorney. Pursuant to T.R. 11, an attorney may be subjected to appropriate disciplinary action for a wilful violation of T.R. 11. There is no showing that there was a wilful violation. Thus, we affirm the trial court's order.

Judgment affirmed in part and reversed in part. This cause is remanded for a new trial.

SHARPNACK, C.J., and BAILEY, J., concur.