## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 17 2017, 8:42 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Douglas M. Grimes
Douglas M. Grimes, PC
Gary, Indiana

ATTORNEY FOR APPELLEE

Eric Oden Clark
Munster, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Sally Witherspoon,

*Appellant-Defendant,*

v.

Tawanna Brown,

*Appellee-Plaintiff.*

March 17, 2017

Court of Appeals Case No.
45A04-1608-SC-1816

Appeal from the Lake Superior Court

The Honorable Elizabeth F. Tavitas, Judge

Trial Court Cause No.
45D03-1605-SC-5

**Robb, Judge.**

# Case Summary and Issue

Sally Witherspoon brings this interlocutory appeal following the trial court's order granting immediate possession of her property and residence to Tawanna Brown. Witherspoon raises two arguments on appeal which we consolidate and restate as whether there was an improper delay in granting her motion to stay proceedings such that she was prejudiced. Concluding her appeal is untimely, we dismiss.

# Facts and Procedural History

On May 1, 2015, Brown purchased property located at 1708 Central Drive in Gary, Indiana, at a tax sale. At the time, the property was in Witherspoon's possession. On February 23, 2016, Brown filed a Notice of Claim in the Lake Superior Court seeking immediate possession of the property and damages.[1]

Following a hearing on August 5, 2016, the trial court granted Brown's motion, ordered immediate possession of the property delivered to her, and scheduled a hearing on damages for September 27, 2016. On August 10, 2016, Witherspoon filed a notice appeal and a motion to stay proceedings pending

---

[1] On March 28, 2016, Witherspoon's neighbor, Marion Williams, filed a motion to intervene alleging a large portion of Witherspoon's house encroaches upon his property. The trial court granted his motion to intervene. Witherspoon's brief argues the trial court's alleged improper delay in granting her motion to stay proceedings also prejudiced Williams. Although they share the same attorney, only Witherspoon's name is listed on the notice of appeal. Therefore, it is clear Witherspoon does not have standing on appeal to seek relief for any injury to Williams. *See Campbell v. El Dee Apartments*, 701 N.E.2d 616, 621 (Ind. Ct. App. 1998) (noting the rule of standing "bars litigants from asserting the right or legal interests of others in order to obtain relief from injury themselves").

appeal. Witherspoon voluntarily vacated the premises on August 15, 2016. On August 17, 2016, the trial court granted Witherspoon's motion to stay proceedings pending appeal. Witherspoon now brings this interlocutory appeal.

# Discussion and Decision

[4] Indiana Rule of Appellate Procedure 14(A) provides:

> Appeals from the following interlocutory orders are taken as a matter of right by conventionally filing a Notice of Appeal with the Clerk within thirty (30) days after the notation of the interlocutory order in the Chronological Case Summary:
>
> * * *
>
> > (4) For the sale or delivery of the possession of real property . . . .

Following the trial court's order directing immediate possession of the property be delivered to Brown, Witherspoon filed a notice of appeal invoking this appellate rule. However, in pursuing this appeal, Witherspoon changed course and does not challenge the trial court's order granting immediate possession to Brown or allege how it was error to do so. Instead, Witherspoon challenges the trial court's granting of her own motion to stay proceedings on the grounds the trial court granted it two days too late to benefit her since she had already vacated the premises. A motion to stay proceedings is not listed in the enumerated grounds for interlocutory appeals as a matter of right under Indiana Rule of Appellate Procedure 14(A), nor has Witherspoon sought the trial

court's certification of its order granting her motion to stay as a discretionary interlocutory appeal under Appellate Rule 14(B). *See In re A.D.*, 737 N.E.2d 1214, 1216 (Ind. Ct. App. 2000) (addressing an appeal from an order granting a motion to stay proceedings that was certified for interlocutory appeal). Therefore, Witherspoon's notice of appeal is untimely. *See In re D.J. v. Ind. Dep't of Child Servs.*, 68 N.E.3d 574, 578 (Ind. 2017) (noting an "untimely" notice of appeal can be belated *or* premature).

[5] The untimely filing of a notice of appeal results in a forfeiture of the right to appeal. Ind. Appellate Rule 9(A)(5). However, as our supreme court has recently stated, "[f]orfeiture and jurisdiction are not the same." *In re D.J.*, 68 N.E.3d at 579 (alteration in original) (citation omitted). Forfeiture refers to the loss of a right, privilege, or property, while jurisdiction refers to a court's power to decide a case. *Id.* "[A]n untimely notice of appeal does not divest a reviewing court of jurisdiction." *Id.* Therefore, although her appeal is untimely, we may elect to decide the merits of Witherspoon's appeal. *See generally id.* at 578-80.

[6] We elect to dismiss Witherspoon's untimely appeal. Upon review, it is clear it is not the type of case that warrants deviation from the appellate rules. *See id.* at 579-80 (noting the cases in which reviewing courts have deviated from the appellate rules include cases involving "weighty parental interest[s]" or constitutional rights). Further, it is not entirely clear what Witherspoon seeks to accomplish by challenging the trial court's order granting her own motion to stay proceedings, as she has already voluntarily vacated the premises.

# Conclusion

Although Witherspoon properly filed a notice of appeal following the trial court's order granting immediate possession of her property and residence to Brown, her brief on appeal does not challenge that order. Instead, Witherspoon challenges the trial court's grant of her subsequent motion to stay proceedings. An order granting a motion to stay proceedings is not appealable as a matter of right and Witherspoon has not asked the trial court to certify its order granting a stay as a discretionary interlocutory appeal. Therefore, Witherspoon's appeal is untimely and we dismiss.

Dismissed.

Kirsch, J., and Barnes, J., concur.